UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

FILED
CLERK'S OFFICE

| | |
|---|---|
| **VINCENT GILLESPIE AND DOES 1-100,** | CASE NO. _____ |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | DEFENDANT ELI LILLY AND COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION |
| **ELI LILLY AND COMPANY AND DOES 1-100,** | |
| Defendants. | |

## 03-30196-KPN

### NOTICE OF REMOVAL OF CIVIL ACTION

**COMES NOW** Defendant Eli Lilly and Company ("Lilly"), and, pursuant to 28 U.S.C. § 1441, notices the removal of this action from the Hampshire Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. The grounds for removal are set forth below.

### I. INTRODUCTION

Plaintiffs Vincent Gillespie and "Does 1-100" ("plaintiffs") filed their Complaint on or about April 25, 2003. In their Complaint, plaintiffs claim that their decedent, Gregory Gillespie ("decedent"), took Prozac®, a prescription antidepressant medication manufactured by Lilly. Plaintiffs further allege that the decedent's ingestion of Prozac® caused the decedent to kill himself on April 26, 2000. The Complaint states that plaintiffs sustained pecuniary and non-pecuniary damages as a result of the allegedly wrongful death of Gregory Gillespie ("decedent"). *See* plaintiffs' Complaint at "WHEREFORE" paragraphs following ¶¶ 13, 18, 23, 26, 28 (plaintiffs' Complaint attached as Exhibit A). The Complaint alleges general claims sounding in

negligence, intentional tort and product liability. *See* Complaint at ¶¶ 6-9. Plaintiffs demand a jury trial. *See* Complaint at 5.

## II. NOTICE OF REMOVAL IS TIMELY

On July 17, 2003, Lilly received a copy of plaintiffs' Complaint[1] via U.S. Mail. The Complaint was the first pleading Lilly received setting forth the claims for relief on which the action is based. This notice of removal is therefore filed within the 30-day time period prescribed by 28 U.S.C. § 1446(b).

## III. JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1332

This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This case may be removed pursuant to 28 U.S.C. § 1441 because, as explained more fully below, it is a civil action in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and involves a controversy between citizens of different states.

### A. The Diversity of Citizenship Requirement is Satisfied

1. No specific information regarding plaintiff Vincent Gillespie's citizenship is provided in the Complaint. Plaintiff Vincent Gillespie admits in the Complaint, however, that he is a resident of the Commonwealth of Massachusetts. *See* Complaint at ¶ 1. For purposes of diversity jurisdiction, citizenship usually is equated with domicile. *Rodriguez-Diaz v. Sierra-Martinez*, 853 F.2d 1027, 1029 (1st Cir.1988).

2. At the time plaintiff commenced this action, and at the time this notice of removal was filed, Lilly was and is a corporation organized under the laws of the State of Indiana with its principal place of business located in Indianapolis, Indiana.

---

[1] Lilly did not receive a summons with plaintiffs' Complaint as required by Mass. R. Civ. P. 4(a) and was not, therefore, properly served in this case. This ground for dismissal is preserved in Defendant Eli Lilly and Company's Answer to Plaintiffs' Complaint (Affirmative Defense No. 22).

3. The citizenship of the 100 fictitiously named Doe plaintiffs and 100 fictitiously named Doe defendants does not affect diversity of citizenship for removal purposes. 28 U.S.C. § 1441(a) provides that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *See also Jackson v. Phillip Morris Inc.*, 46 F.Supp.2d 1217, 1230 n.6 (D. Utah 1998) ("A court determining whether diversity jurisdiction exists can only look at the named plaintiffs and defendants."); *Casper v. Cunard Line, Ltd.*, 560 F. Supp. 240, 242 (E.D. Pa. 1983) ("In determining the existence of diversity of citizenship, only the citizenship of the named parties need be considered.")(*citing Snyder v. Harris*, 394 U.S. 332 (1969)).

**B.    The Amount In Controversy Requirement is Satisfied**

1. The Complaint demonstrates that the jurisdictional amount in controversy requirement will be easily satisfied. In their Complaint, plaintiffs claims that Prozac® caused decedent to commit suicide and seek both compensatory and punitive damages against Lilly. While Lilly vigorously denies that plaintiffs should recover *any* damages, plaintiffs' Complaint seeks a significant amount of relief and places more than $75,000.00 in controversy.

**IV.    REMOVAL TO THIS DISTRICT IS PROPER**

1. Removal venue exists in the United States District Court for the District of Massachusetts because the Hampshire Superior Court, Commonwealth of Massachusetts is within the District of Massachusetts.

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date upon Lilly are attached to this notice as Exhibit A.

3. Written notice of the filing of this notice of removal will be promptly served on Vincent Gillespie, the only named plaintiff in this case, and a copy will be promptly filed with

the Clerk of the Hampshire Superior Court, Commonwealth of Massachusetts, pursuant to 28 U.S.C. § 1446(d).

4. Lilly hereby reserves the right to assert any and all defenses to plaintiffs' Complaint, including, but not limited to, insufficiency of process or insufficiency of service of process, lack of personal jurisdiction, and improper venue.

5. Lilly reserves the right to amend or supplement this notice of removal.

6. Lilly hereby requests a trial by jury.

WHEREFORE, Lilly respectfully requests that the above-entitled matter be removed from the Hampshire Superior Court, Commonwealth of Massachusetts.

Respectfully submitted,

James J. Dillon, BBO # 24660
Paula M. McManus, BBO #648029
FOLEY HOAG, L.L.P.
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000
Fax: (617) 832-7000

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of August, 2003, a true and correct copy of Defendant Eli Lilly and Company's Notice of Removal of Civil Action was mailed via first class U.S. Mail, postage prepaid thereon, to the following *pro se* plaintiff:

Vincent Gillespie
P.O. Box 741
Northampton, MA 01027

                                         **ATTORNEY FOR DEFENDANT**
                                         **ELI LILLY AND COMPANY**



COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE, ss.    2003 APR 25 P 12: 50

SUPERIOR COURT
CIVIL ACTION
NO. _____

03 083

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
VINCENT GILLESPIE and      *
DOES 1-100,                *
                           *
            PLAINTIFFS     *
                           *
VS.                        *
                           *
ELI LILLY AND COMPANY      *
and DOES 1-100,            *
                           *
            DEFENDANTS     *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

## PARTIES

1. Plaintiff, VINCENT GILLESPIE ("Vincent") is a natural person and a beneficiary and a legatee of the Estate of Gregory Gillespie ("Gregory") with a residence at P. O. Box 741, Northampton, Hampshire County, Massachusetts.

1. Defendant ELI LILLY AND COMPANY ("Eli Lilly") is a foreign corporation duly licensed to do business in the Commonwealth of Massachusetts with corporate headquarters at 893 South Delaware Street, Indianapolis, Indiana.

## RELEVANT FACTS

2. Plaintiff, Vincent Gillespie is the biological son of Gregory Gillespie and a beneficiary and a legatee of the Estate of Gregory Gillespie.

3. Additional plaintiffs, listed above as DOES 1-100, will be identified when they become known. The general public or a sector of the general public may be determined to be a plaintiff.

4. Defendant Eli Lilly manufactures Prozac, a prescription drug used to alleviate depression.

5. Additional defendants, listed above as DOES 1-100, will be identified when they become known.

1

6. Gregory was a very well known and renowned artist who died on April 26, 2000 by committing suicide.

7. Greg and took Prozac by prescription for depression and unhappiness during two periods of time, once in 1997 and once in early 2000.

8. It is known that Prozac can have adverse side effects. The second time he took it he displayed three typical symptoms of the adverse side effects of Prozac:
    8.1. *Insomnia*: He became extremely depressed and he was unable to sleep; he had a sleep machine (it created a choice of four soothing sounds to help one to go to sleep).
    8.2. *Anger*: In a suicide note he said that the suicide was probably the angriest thing he had ever done.
    8.3. *Depression*: he became exceedingly depressed in the weeks before he killed himself. This was evidenced in conversations he had with me and also in a photo of himself contained in one of his most recent art pieces.

9. As a direct and proximate result of the conduct of defendant Eli Lilly's breach of duty of care, protection and safety and negligent, reckless, unskillful, careless, grossly negligent, willful and /or wanton acts and omissions, the decedent was caused to sustain severe pain of body and mind and finally committed suicide and he also incurred conscious pain and suffering, loss of love services and comfort, consortium to next of kin and the emotional distress and mental anguish and mental pain and suffering suffered by next of his kin.

## COUNT I

## WRONGFUL DEATH

10. The Plaintiff, Vincent Gillespie, a beneficiary and legatee of the Estate of Gregory Gillespie, reasserts and re-alleges all the allegations of paragraphs 1-9 of this complaint and incorporates them by reference into this count.

11. The Defendant owed a duty of care, protection, and safety to Gregory Gillespie and knowingly, willfully, deliberately and recklessly breached that duty.

12. As a direct and proximate result of the breach of duty of care and acts of Defendant Eli Lilly as described in Paragraphs 1-9 of this complaint, Gregory Gillespie was caused to suffer conscious pain and suffering and his eventual suicide.

13. This count is for wrongful death pursuant to M.G.L. c. 229 § 2 brought by Vincent Gillespie, as beneficiaries and legatees of the Estate of his father Gregory Gillespie, seeking recovery for the fair monetary value of the decedent including but not limited to compensation for the loss of the decedent's reasonably expected net income, services, protection, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and punitive damages.

2

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie REQUESTS THE HONORABLE COURT TO GRANT judgment against the Defendant, Eli Lilly, for Compensatory and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT II

### CONSCIOUS PAIN AND SUFFERING

14. The Plaintiff, Vincent Gillespie, a beneficiary and legatee of the Estate of Gregory Gillespie, re-alleges all the allegations of paragraphs 1-13 of this complaint and incorporates them by reference into this count.

15. The Defendant owed a duty of care, protection, and safety to Gregory Gillespie and knowingly, willfully, deliberately and recklessly breached that duty.

16. This count is for Conscious Pain and Suffering pursuant to M.G.L. c. 229 §6 brought by Vincent Gillespie, as a beneficiaries and legatee of the Estate of his father Gregory Gillespie, deceased, seeking recovery for the fair monetary value.

17. As a direct and proximate result of the acts of the Defendant Eli Lilly as described in Paragraphs 1-9 of this complaint, Gregory Gillespie was caused to suffer conscious pain and suffering and his eventual suicide.

18. The Defendant, Eli Lilly as the manufacturer of Prozac is strictly responsible to the plaintiff pursuant to M.G.L. c. 138 § 14.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie requests the honorable court to Grant Judgment against the Defendant, Eli Lilly, for Compensatory and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. The Plaintiffs reassert and re-alleges each and every allegation contained in Paragraphs 1 to 18 and incorporates them here in by reference.

20. The acts and practice and conduct of the Defendant Eli Lilly have caused Defendant Vincent to suffer emotional distress resulting in mental anguish, pain, fear, sleeplessness, anxiety, fear, depression and other difficulties and injuries.

3

21. The Defendant Eli Lilly intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of its conduct.

22. The acts and Practices and conduct of the Defendant Eli Lilly were extreme and outrageous, were beyond all possible bounds of decency and were utterly intolerable in a civilized society.

23. The Emotional Distress sustained by the Plaintiff as the result of the acts and Practices and conduct of the Defendant Eli Lilly was severe and of a nature that no reasonable man could be expected to endure it.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie requests the honorable court to Grant Judgment against the Defendant, Eli Lilly, for Intentional Infliction of Emotional Distress and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT IV

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24. The Plaintiff reassert and re-alleges each and every allegation contained in Paragraphs 1 to 25 and incorporates them herein by reference.

25. Defendant knew or should have known that the acts alleged in the third cause of action set forth above would cause Plaintiff severe emotional distress.

26. As a proximate result of Defendant's negligent acts, Plaintiff has been subjected to severe emotional distress in the form of sorrow, worry, great stress, anguish and depression.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie requests the honorable court to Grant Judgment against the Defendant, Eli Lilly, for Negligent Infliction of Emotional Distress and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT V

## LOSS OF CONSORTIUM

27. The Plaintiff reassert and re-alleges each and every allegation contained in Paragraphs 1 to 26 and incorporates them here in by reference.

28. By reasons of wrongful death and conscious suffering caused by the defendant the Plaintiff has lost love, affection, society, life, fellowship, comfort, moral support,

4

solace and all the assistance that accompanies the father-son relationship for the past three years and in the future as the injury is indelible and irreparable. The Plaintiff has been permanently deprived of his father's consortium.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie request the honorable court to Grant Judgment against the Defendant, Eli Lilly for Loss of Consortium and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## DEMAND FOR JURY TRIAL

The Plaintiff, Vincent Gillespie, DEMANDS A JURY TRIAL on all the Counts.

April 25, 2003

*Vincent Gillespie*
Vincent Gillespie, Plaintiff
P. O. Box 741
Northampton, MA 01027
Phone: (413) 695-3637