A

FILED
CLERK'S OFFICE

03 OCT 15 A 11:11

U.S. DISTRICT COURT
DISTRICT OF MASS.

## COMMONWEALTH OF MASSACHUSETTS

Hampshire, ss                    **Superior Court**
                                 **Civil Action No. 2003-083**

### CERTIFICATION

I , Harry Jekanowski, Jr., Clerk of the Superior Court for the County of Hampshire do hereby

certify that the attached is a true copy of the entire file in Civil Action 2003-083.

Vincent Gillespie

VS.

Eli Lilly Company



Witness my hand and the seal of the

Superior Court Department of the Trial

Court this 13th day of August 2003.

Harry Jekanowski, Jr.
Clerk/Magistrate

MAS-20030312

shepardp

**Commonwealth of Massachusetts**

HAMPSHIRE SUPERIOR COURT

**Case Summary**

**Civil Docket**

08/13/2003

02:08 PM

## HSCV2003-00083
### Gillespie et al v Eli Lilly Company et al

| File Date | 04/25/2003 | Status | Disposed: transferred to other court (dtrans) |
|---|---|---|---|
| Status Date | 08/13/2003 | Session | A - Civil A- CtRm 2-3rd fl |
| Origin | 1 | Case Type | B08 - Wrongful death (229.002A) |
| Lead Case | | Track | A |

| Service | 07/24/2003 | Answer | 09/22/2003 | Rule12/19/20 | 09/22/2003 |
|---|---|---|---|---|---|
| Rule 15 | 07/18/2004 | Discovery | 06/13/2005 | Rule 56 | 08/12/2005 |
| Final PTC | 12/10/2005 | Disposition | 04/24/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Vincent Gillespie
P.O. Box 741
Northampton, MA 01060
Phone: 413-695-3637
Active 04/25/2003 Notify

**Plaintiff**
Does 1-100
Active 04/25/2003

**Defendant**
Eli Lilly Company
Served: 07/17/2003
Served (answr pending) 07/24/2003 Notify

**Defendant**
Does 1-100
Dismissed under time standards 08/01/2003

U.S. DISTRICT COURT
DISTRICT OF MASS

FILED
CLERK'S OFFICE

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 04/25/2003 | 1.0 | Complaint & civil action cover sheet filed |
| 04/25/2003 | | Origin 1, Type B08, Track A. |
| 04/25/2003 | | Tracking notice mailed to plaintiff. |
| 07/24/2003 | 2.0 | SERVICE RETURNED: Eli Lilly Company(Defendant) |

MAS-20030312           **Commonwealth of Massachusetts**         08/13/2003
shepardp               HAMPSHIRE SUPERIOR COURT         02:08 PM
                               Case Summary
                               Civil Docket

### HSCV2003-00083
### Gillespie et al v Eli Lilly Company et al

| Date | Paper | Text |
|------|-------|------|
| 08/01/2003 | 3.0 | Dismiss: Does 1-100 (defendant): servc not complete by 1-88 deadline. |
| | | Copy mailed to plaintiff. |
| 08/13/2003 | 4.0 | Notice for Removal to the United States District Court filed by Eli |
| | | Lilly Company. |
| 08/13/2003 | | Case REMOVED this date to US District Court of Massachusetts. |
| | | Certified copy of all pleadings and docket entries mailed to U.S. |
| | | District Court in Springfield. |

**EVENTS**

CLERK'S LOG

VS.

Plaintiff _____    Defendant _____

)3 083

Counsel for Plaintiff _____    Counsel for Defendant _____

*************************************************************************************************

| DATE | JUDGE | PROCEDURE | CLERK | STENO |
|------|-------|-----------|-------|-------|
| 8-1-03 | | No service having been perfected on John Does 1-100, ___ to issue pursuant to standing order 1-88 Dismissing complaint without prejudice as to those defendants | | |

HAMPSHIRE SUPERIOR CRT
COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE, ss.                2003 AUG 11  A 8: 51          **SUPERIOR COURT**
                                                           **CIVIL ACTION**
                                                           **NO.  03-083**

|                                    |     |                                     |
|------------------------------------|-----|-------------------------------------|
| **VINCENT GILLESPIE**              | )   |                                     |
| **AND DOES 1-100,**                | )   |                                     |
|                                    | )   |                                     |
|                                    | )   |                                     |
| **Plaintiffs,**                    | )   |                                     |
|                                    | )   | **NOTICE TO PLAINTIFF OF FILING**   |
| vs.                                | )   | **NOTICE OF REMOVAL**               |
|                                    | )   |                                     |
| **ELI LILLY AND COMPANY**          | )   |                                     |
| **AND DOES 1-100,**                | )   |                                     |
|                                    | )   |                                     |
| **Defendants.**                    | )   |                                     |
|                                    | )   |                                     |

TO:    Vincent Gillespie
       P.O. Box 741
       Northampton, MA 01027

        You are hereby notified that Defendant Eli Lilly and Company has on the 8th day

of August, 2003, filed in the United States District Court for the District of Massachusetts a

notice of removal of the above-entitled cause, a copy of which is attached.

                              Respectfully submitted,



                              James J. Dillon, BBO # 24660
                              Paula M. McManus, BBO #648029
                              FOLEY HOAG, L.L.P.
                              155 Seaport Boulevard
                              Boston, Massachusetts 02210
                              (617) 832-1000
                              (617) 832-7000

                              **ATTORNEYS FOR DEFENDANT**
                              **ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August, 2003, a true and correct copy of Defendant Eli Lilly and Company's Notice to Plaintiff of Filing Notice of Removal was mailed via first class U.S. Mail, postage prepaid, to the following *pro se* plaintiff:

Vincent Gillespie
P.O. Box 741
Northampton, MA 01027

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE SUPERIOR CRT
HARRY JEKANOWSKI

2003 AUG 11  A 8: 51

HAMPSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
NO.  03-083

VINCENT GILLESPIE
AND DOES 1-100,

    Plaintiffs,

vs.

ELI LILLY AND COMPANY
AND DOES 1-100,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

NOTICE TO CLERK
OF REMOVAL

TO:    Clerk of the Commonwealth of Massachusetts, Department of the Trial Court, Hampshire Superior Court

      You are hereby notified that Defendant Eli Lilly and Company has on the 8th day of August, 2003, filed in the United States District Court for the District of Massachusetts a notice of removal of the above-entitled cause, a copy of which is attached hereto and made part of the Notice to Clerk of Removal by this reference, for your information and guidance.

      Respectfully submitted,

James J. Dillon, BBO # 124660
Paula M. McManus, BBO #648029
FOLEY HOAG, L.L.P.
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000
(617) 832-7000

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August, 2003, a true and correct copy of Defendant Eli Lilly and Company's Notice to Clerk of Removal was mailed via first class U.S. Mail, postage prepaid, to the following *pro se* plaintiff:

Vincent Gillespie
P.O. Box 741
Northampton, MA 01027

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

| CIVIL ACTION COVER SHEET | DOC T NO.(S) | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

**PLAINTIFF(S)**
Vincent Gillespie

**DEFENDANT(S)**
Eli Lilly

HAMPSHIRE SUPERIOR CRT
HARRY JEKANOWSKI
CLERK

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Pro se

Board of Bar Overseers number:

**ATTORNEY (if known)**

2003 APR 25 P 12: 50

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B 08 | Wrongful Death | (A) | (X) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................ $ ...........
2. Total Doctor expenses ......................................................... $ ...........
3. Total chiropractic expenses .................................................. $ ...........
4. Total physical therapy expenses ............................................. $ ...........
5. Total other expenses (describe) .............................................. $ ...........
Subtotal $ ...........
B. Documented lost wages and compensation to date ................................. $ ...........
C. Documented property damages to date .......................................... $ ...........
D. Reasonably anticipated future medical and hospital expenses .................... $ ...........
E. Reasonably anticipated lost wages ............................................. $ ...........
F. Other documented items of damages (describe)
$ ...........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ ...........
TOTAL $ ...........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record  Vincent Gillespie, Pro se        DATE: 4/25/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

4

SCANNED

03 083

FILED
CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

1 3 P 2 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| VINCENT GILLESPIE<br>AND DOES 1-100, | ) | CASE NO. _____ |
| | ) | |
| Plaintiffs, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | **DEFENDANT ELI LILLY AND** |
| | ) | **COMPANY'S NOTICE OF** |
| ELI LILLY AND COMPANY<br>AND DOES 1-100, | ) | **REMOVAL OF CIVIL ACTION** |
| | ) | |
| Defendants. | ) | |

# 03 - 30196 - KPN

FILING FEE PAID:
RECEIPT: 305308
AMOUNT: 150.00
BY DPTY CLK: [illegible]
DATE: 8/8/03

## NOTICE OF REMOVAL OF CIVIL ACTION

COMES NOW Defendant Eli Lilly and Company ("Lilly"), and, pursuant to 28 U.S.C. § 1441, notices the removal of this action from the Hampshire Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. The grounds for removal are set forth below.

## I.    INTRODUCTION

Plaintiffs Vincent Gillespie and "Does 1-100"("plaintiffs") filed their Complaint on or about April 25, 2003. In their Complaint, plaintiffs claim that their decedent, Gregory Gillespie ("decedent"), took Prozac®, a prescription antidepressant medication manufactured by Lilly. Plaintiffs further allege that the decedent's ingestion of Prozac® caused the decedent to kill himself on April 26, 2000. The Complaint states that plaintiffs sustained pecuniary and non-pecuniary damages as a result of the allegedly wrongful death of Gregory Gillespie ("decedent"). *See* plaintiffs' Complaint at "WHEREFORE" paragraphs following ¶¶ 13, 18, 23, 26, 28 (plaintiffs' Complaint attached as Exhibit A). The Complaint alleges general claims sounding in

I HEREBY ATTEST AND CERTIFY ON _____
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY: _____

2003 AUG 13 A 9 07

HAMPSHIRE SUPERIOR CRT
HARRY JEKANOWSKI JR
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| VINCENT GILLESPIE<br>AND DOES 1-100, | ) | CASE NO. _____ |
|  | ) |  |
| Plaintiffs, | ) | **JURY TRIAL DEMANDED** |
|  | ) |  |
| v. | ) | **DEFENDANT ELI LILLY AND** |
|  | ) | **COMPANY'S NOTICE OF** |
| ELI LILLY AND COMPANY | ) | **REMOVAL OF CIVIL ACTION** |
| AND DOES 1-100, | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## NOTICE OF REMOVAL OF CIVIL ACTION

      **COMES NOW** Defendant Eli Lilly and Company ("Lilly"), and, pursuant to 28

U.S.C. § 1441, notices the removal of this action from the Hampshire Superior Court,

Commonwealth of Massachusetts, to the United States District Court for the District of

Massachusetts. The grounds for removal are set forth below.

**I.    INTRODUCTION**

      Plaintiffs Vincent Gillespie and "Does 1-100"("plaintiffs") filed their Complaint

on or about April 25, 2003. In their Complaint, plaintiffs claim that their decedent, Gregory

Gillespie ("decedent"), took Prozac®, a prescription antidepressant medication manufactured by

Lilly. Plaintiffs further allege that the decedent's ingestion of Prozac® caused the decedent to

kill himself on April 26, 2000. The Complaint states that plaintiffs sustained pecuniary and non-

pecuniary damages as a result of the allegedly wrongful death of Gregory Gillespie ("decedent").

*See* plaintiffs' Complaint at "WHEREFORE" paragraphs following ¶¶ 13, 18, 23, 26, 28

(plaintiffs' Complaint attached as Exhibit A). The Complaint alleges general claims sounding in

negligence, intentional tort and product liability. *See* Complaint at ¶¶ 6-9. Plaintiffs demand a

jury trial. *See* Complaint at 5.

## II.    NOTICE OF REMOVAL IS TIMELY

On July 17, 2003, Lilly received a copy of plaintiffs' Complaint[1] via U.S. Mail.

The Complaint was the first pleading Lilly received setting forth the claims for relief on which

the action is based.  This notice of removal is therefore filed within the 30-day time period

prescribed by 28 U.S.C. § 1446(b).

## III.   JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1332

This is a civil action over which this Court has original jurisdiction pursuant to 28

U.S.C. § 1332.  This case may be removed pursuant to 28 U.S.C. § 1441 because, as explained

more fully below, it is a civil action in which the amount in controversy exceeds $75,000.00,

exclusive of interest and costs, and involves a controversy between citizens of different states.

### A.    The Diversity of Citizenship Requirement is Satisfied

1.    No specific information regarding plaintiff Vincent Gillespie's citizenship is

provided in the Complaint.  Plaintiff Vincent Gillespie admits in the Complaint, however, that he

is a resident of the Commonwealth of Massachusetts. *See* Complaint at ¶ 1.  For purposes of

diversity jurisdiction, citizenship usually is equated with domicile. *Rodriguez-Diaz v. Sierra-*

*Martinez*, 853 F.2d 1027, 1029 (1st Cir.1988).

2.    At the time plaintiff commenced this action, and at the time this notice of removal

was filed, Lilly was and is a corporation organized under the laws of the State of Indiana with its

principal place of business located in Indianapolis, Indiana.

---

[1]    Lilly did not receive a summons with plaintiffs' Complaint as required by Mass. R. Civ. P. 4(a)
and was not, therefore, properly served in this case.  This ground for dismissal is preserved in
Defendant Eli Lilly and Company's Answer to Plaintiffs' Complaint (Affirmative Defense No.
22).

3.    The citizenship of the 100 fictitiously named Doe plaintiffs and 100 fictitiously named Doe defendants does not affect diversity of citizenship for removal purposes. 28 U.S.C. § 1441(a) provides that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *See also Jackson v. Phillip Morris Inc.*, 46 F.Supp.2d 1217, 1230 n.6 (D. Utah 1998) ("A court determining whether diversity jurisdiction exists can only look at the named plaintiffs and defendants."); *Casper v. Cunard Line, Ltd.*, 560 F. Supp. 240, 242 (E.D. Pa. 1983) ("In determining the existence of diversity of citizenship, only the citizenship of the named parties need be considered.")(*citing Snyder v. Harris*, 394 U.S. 332 (1969)).

### B.    The Amount In Controversy Requirement is Satisfied

1.    The Complaint demonstrates that the jurisdictional amount in controversy requirement will be easily satisfied. In their Complaint, plaintiffs claims that Prozac® caused decedent to commit suicide and seek both compensatory and punitive damages against Lilly. While Lilly vigorously denies that plaintiffs should recover *any* damages, plaintiffs' Complaint seeks a significant amount of relief and places more than $75,000.00 in controversy.

## IV.    REMOVAL TO THIS DISTRICT IS PROPER

1.    Removal venue exists in the United States District Court for the District of Massachusetts because the Hampshire Superior Court, Commonwealth of Massachusetts is within the District of Massachusetts.

2.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date upon Lilly are attached to this notice as Exhibit A.

3.    Written notice of the filing of this notice of removal will be promptly served on Vincent Gillespie, the only named plaintiff in this case, and a copy will be promptly filed with

the Clerk of the Hampshire Superior Court, Commonwealth of Massachusetts, pursuant to 28

U.S.C. § 1446(d).

4.    Lilly hereby reserves the right to assert any and all defenses to plaintiffs'

Complaint, including, but not limited to, insufficiency of process or insufficiency of service of

process, lack of personal jurisdiction, and improper venue.

5.    Lilly reserves the right to amend or supplement this notice of removal.

6.    Lilly hereby requests a trial by jury.

WHEREFORE, Lilly respectfully requests that the above-entitled matter be

removed from the Hampshire Superior Court, Commonwealth of Massachusetts.

Respectfully submitted,

James J. Dillon, BBO # 24660
Paula M. McManus, BBO #648029
FOLEY HOAG, L.L.P.
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000
Fax: (617) 832-7000

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August, 2003, a true and correct copy of Defendant Eli Lilly and Company's Notice of Removal of Civil Action was mailed via first class U.S. Mail, postage prepaid thereon, to the following *pro se* plaintiff:

Vincent Gillespie
P.O. Box 741
Northampton, MA 01027

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE, ss.    2003 APR 25 P 12: 50

SUPERIOR COURT
CIVIL ACTION
NO. _____

03 083

0004/25/03 CIVIL FEES    200.0

5238A000004/25/03 SURCHARGE    10.00

```
*********************************
VINCENT GILLESPIE and          *
DOES 1-100,                     *
                                *
              PLAINTIFFS        *
                                *
         VS.                    *
                                *
ELI LILLY AND COMPANY           *
and DOES 1-100,                 *
                                *
              DEFENDANTS        *
*********************************
```

**COMPLAINT**

## PARTIES

1. Plaintiff, VINCENT GILLESPIE ("Vincent") is a natural person and a beneficiary and a legatee of the Estate of Gregory Gillespie ("Gregory") with a residence at P. O. Box 741, Northampton, Hampshire County, Massachusetts.

1. Defendant ELI LILLY AND COMPANY ("Eli Lilly") is a foreign corporation duly licensed to do business in the Commonwealth of Massachusetts with corporate headquarters at 893 South Delaware Street, Indianapolis, Indiana.

## RELEVANT FACTS

2. Plaintiff, Vincent Gillespie is the biological son of Gregory Gillespie and a beneficiary and a legatee of the Estate of Gregory Gillespie.

3. Additional plaintiffs, listed above as DOES 1-100, will be identified when they become known. The general public or a sector of the general public may be determined to be a plaintiff.

4. Defendant Eli Lilly manufactures Prozac, a prescription drug used to alleviate depression.

5. Additional defendants, listed above as DOES 1-100, will be identified when they become known.

1

6. Gregory was a very well known and renowned artist who died on April 26, 2000 by committing suicide.

7. Greg and took Prozac by prescription for depression and unhappiness during two periods of time, once in 1997 and once in early 2000.

8. It is known that Prozac can have adverse side effects. The second time he took it he displayed three typical symptoms of the adverse side effects of Prozac:

   8.1. *Insomnia*: He became extremely depressed and he was unable to sleep; he had a sleep machine (it created a choice of four soothing sounds to help one to go to sleep).

   8.2. *Anger*: In a suicide note he said that the suicide was probably the angriest thing he had ever done.

   8.3. *Depression*: he became exceedingly depressed in the weeks before he killed himself. This was evidenced in conversations he had with me and also in a photo of himself contained in one of his most recent art pieces.

9. As a direct and proximate result of the conduct of defendant Eli Lilly's breach of duty of care, protection and safety and negligent, reckless, unskillful, careless, grossly negligent, willful and /or wanton acts and omissions, the decedent was caused to sustain severe pain of body and mind and finally committed suicide and he also incurred conscious pain and suffering, loss of love services and comfort, consortium to next of kin and the emotional distress and mental anguish and mental pain and suffering suffered by next of his kin.

## COUNT I

## WRONGFUL DEATH

10. The Plaintiff, Vincent Gillespie, a beneficiary and legatee of the Estate of Gregory Gillespie, reasserts and re-alleges all the allegations of paragraphs 1-9 of this complaint and incorporates them by reference into this count.

11. The Defendant owed a duty of care, protection, and safety to Gregory Gillespie and knowingly, willfully, deliberately and recklessly breached that duty.

12. As a direct and proximate result of the breach of duty of care and acts of Defendant Eli Lilly as described in Paragraphs 1-9 of this complaint, Gregory Gillespie was caused to suffer conscious pain and suffering and his eventual suicide.

13. This count is for wrongful death pursuant to M.G.L. c. 229 § 2 brought by Vincent Gillespie, as beneficiaries and legatees of the Estate of his father Gregory Gillespie, seeking recovery for the fair monetary value of the decedent including but not limited to compensation for the loss of the decedent's reasonably expected net income, services, protection, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and punitive damages.

2

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie REQUESTS THE HONORABLE COURT TO GRANT judgment against the Defendant, Eli Lilly, for Compensatory and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT II

## CONSCIOUS PAIN AND SUFFERING

14. The Plaintiff, Vincent Gillespie, a beneficiary and legatee of the Estate of Gregory Gillespie, re-alleges all the allegations of paragraphs 1-13 of this complaint and incorporates them by reference into this count.

15. The Defendant owed a duty of care, protection, and safety to Gregory Gillespie and knowingly, willfully, deliberately and recklessly breached that duty.

16. This count is for Conscious Pain and Suffering pursuant to M.G.L. c. 229 §6 brought by Vincent Gillespie, as a beneficiaries and legatee of his father Gregory Gillespie, deceased, seeking recovery for the fair monetary value.

17. As a direct and proximate result of the acts of the Defendant Eli Lilly as described in Paragraphs 1-9 of this complaint, Gregory Gillespie was caused to suffer conscious pain and suffering and his eventual suicide.

18. The Defendant, Eli Lilly as the manufacturer of Prozac is strictly responsible to the plaintiff pursuant to M.G.L. c. 138 § 14.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie requests the honorable court to Grant Judgment against the Defendant, Eli Lilly, for Compensatory and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. The Plaintiffs reassert and re-alleges each and every allegation contained in Paragraphs 1 to 18 and incorporates them here in by reference.

20. The acts and practice and conduct of the Defendant Eli Lilly have caused Defendant Vincent to suffer emotional distress resulting in mental anguish, pain, fear, sleeplessness, anxiety, fear, depression and other difficulties and injuries.

3

21. The Defendant Eli Lilly intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of its conduct.

22. The acts and Practices and conduct of the Defendant Eli Lilly were extreme and outrageous, were beyond all possible bounds of decency and were utterly intolerable in a civilized society.

23. The Emotional Distress sustained by the Plaintiff as the result of the acts and Practices and conduct of the Defendant Eli Lilly was severe and of a nature that no reasonable man could be expected to endure it.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie requests the honorable court to Grant Judgment against the Defendant, Eli Lilly, for Intentional Infliction of Emotional Distress and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT IV

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24. The Plaintiff reassert and re-alleges each and every allegation contained in Paragraphs 1 to 25 and incorporates them herein by reference.

25. Defendant knew or should have known that the acts alleged in the third cause of action set forth above would cause Plaintiff severe emotional distress.

26. As a proximate result of Defendant's negligent acts, Plaintiff has been subjected to severe emotional distress in the form of sorrow, worry, great stress, anguish and depression.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie requests the honorable court to Grant Judgment against the Defendant, Eli Lilly, for Negligent Infliction of Emotional Distress and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT V

## LOSS OF CONSORTIUM

27. The Plaintiff reassert and re-alleges each and every allegation contained in Paragraphs 1 to 26 and incorporates them here in by reference.

28. By reasons of wrongful death and conscious suffering caused by the defendant the Plaintiff has lost love, affection, society, life, fellowship, comfort, moral support,

4

solace and all the assistance that accompanies the father-son relationship for the past three years and in the future as the injury is indelible and irreparable. The Plaintiff has been permanently deprived of his father's consortium.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie request the honorable court to Grant Judgment against the Defendant, Eli Lilly for Loss of Consortium and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## DEMAND FOR JURY TRIAL

The Plaintiff, Vincent Gillespie, DEMANDS A JURY TRIAL on all the Counts.

April 25, 2003

Vincent Gillespie, Plaintiff
P. O. Box 741
Northampton, MA 01027
Phone: (413) 695-3637

5

Commonwealth of Massachusetts
County of Hampshire
The Superior Court

*3.*

03 083

CIVIL DOCKET# **HSCV2003-00083**

RE:    **Gillespie et al v Eli Lilly Company et al**

## ORDER OF
## DISMISSAL UNDER STANDING ORDER 1-88

This action came on before the Court, pursuant to Standing Order 1-88, and it appearing that service of process has not been completed upon the defendant(s) named below, it is **ORDERED** that the complaint is hereby dismissed, without prejudice, with respect to said defendant(s).

**Dismiss: Does 1-100** : service not complete by 1-88 deadline. Copy mailed to plaintiff.

This order may be vacated only by the Regional Administrative Judge or (designee).

Dated at Northampton, Massachusetts this  1st day of August, 2003

By the Court (McDonald, J. )

*Harry Jekanowski Jr.*

Harry Jekanowski, Jr.,
Clerk of Courts

P.C.    Vincent Gillespie, plaintiff

cvdordsm88_1.wpd 240532 dsm88 shepardp

2.

꒳ 083

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the original complaint filed by
Vincent Gillespie on 4/25/2003 with the Hampshire County Superior Court in
Northampton, MA in the case of Vincent Gillespie and Does 1-100 vs. Eli Lilly and
Company and Does 1-100, case # 03083, was mailed by certified mail, return receipt
requested, with the US Postal Service on 7/14/2003 to the following address:  Legal
Department, Eli Lilly and Company, Lilly Corporate Center, Indianapolis, Indiana 46285.
The original proof of service form, signed by the recipient at Eli Lilly and Company, has
been filed with the Hampshire County Superior Court on 7/23/2003.

Signed under the pains and penalties of perjury on 7/23/2003 in Easthampton, MA.

Dated: _23/03_

_Vincent Gillespie_
Vincent Gillespie
P. O. Box 741
Northampton, MA  01061
413-695-3637

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Legal Department
Eli Lilly and Company
Lilly Corporate center
Indianapolis, Indiana
46285

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Jeremiah Moles    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Jeremiah Moles    7/17/03

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7002 2410 0001 9963 9054

S Form 3811, August 2001    Domestic Return Receipt    2ACPRI-03-Z-0985

2003 JUL 24 P 2: 24

HAMPSHIRE SUPERIOR CRT
HARRY JEKANOWSKI JR
CLERK

HAMPSHIRE SUPERIOR CRT
HARRY JEKANOWSKI JR
CLERK

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE SUPERIOR
CLERK MAGISTRATE JR
2003 APR 25 P 12: 50

3 083

HAMPSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
NO. _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **VINCENT GILLESPIE and** | \* |
| **DOES 1-100,** | \* |
| | \* |
| **PLAINTIFFS** | \* |
| | \* |
| **VS.** | \* |
| | \* |
| **ELI LILLY AND COMPANY** | \* |
| **and DOES 1-100,** | \* |
| | \* |
| **DEFENDANTS** | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

000004/25/03CIVIL FEES  200.0

000004/25/03SURCHARGE  10.00

**COMPLAINT**

### PARTIES

1. Plaintiff, **VINCENT GILLESPIE** ("Vincent") is a natural person and a beneficiary and a legatee of the Estate of Gregory Gillespie ("Gregory") with a residence at P. O. Box 741, Northampton, Hampshire County, Massachusetts.

1. Defendant **ELI LILLY AND COMPANY** ("Eli Lilly") is a foreign corporation duly licensed to do business in the Commonwealth of Massachusetts with corporate headquarters at 893 South Delaware Street, Indianapolis, Indiana.

### RELEVANT FACTS

2. Plaintiff, Vincent Gillespie is the biological son of Gregory Gillespie and a beneficiary and a legatee of the Estate of Gregory Gillespie.

3. Additional plaintiffs, listed above as DOES 1-100, will be identified when they become known. The general public or a sector of the general public may be determined to be a plaintiff.

4. Defendant Eli Lilly manufactures Prozac, a prescription drug used to alleviate depression.

5. Additional defendants, listed above as DOES 1-100, will be identified when they become known.

1

6.  Gregory was a very well known and renowned artist who died on April 26, 2000 by committing suicide.

7.  Greg and took Prozac by prescription for depression and unhappiness during two periods of time, once in 1997 and once in early 2000.

8.  It is known that Prozac can have adverse side effects. The second time he took it he displayed three typical symptoms of the adverse side effects of Prozac:
    8.1.  *Insomnia*: He became extremely depressed and he was unable to sleep; he had a sleep machine (it created a choice of four soothing sounds to help one to go to sleep).
    8.2.  *Anger*: In a suicide note he said that the suicide was probably the angriest thing he had ever done.
    8.3.  *Depression*: he became exceedingly depressed in the weeks before he killed himself. This was evidenced in conversations he had with me and also in a photo of himself contained in one of his most recent art pieces.

9.  As a direct and proximate result of the conduct of defendant Eli Lilly's breach of duty of care, protection and safety and negligent, reckless, unskillful, careless, grossly negligent, willful and /or wanton acts and omissions, the decedent was caused to sustain severe pain of body and mind and finally committed suicide and he also incurred conscious pain and suffering, loss of love services and comfort, consortium to next of kin and the emotional distress and mental anguish and mental pain and suffering suffered by next of his kin.

## COUNT I

## WRONGFUL DEATH

10.  The Plaintiff, Vincent Gillespie, a beneficiary and legatee of the Estate of Gregory Gillespie, reasserts and re-alleges all the allegations of paragraphs 1-9 of this complaint and incorporates them by reference into this count.

11.  The Defendant owed a duty of care, protection, and safety to Gregory Gillespie and knowingly, willfully, deliberately and recklessly breached that duty.

12.  As a direct and proximate result of the breach of duty of care and acts of Defendant Eli Lilly as described in Paragraphs 1-9 of this complaint, Gregory Gillespie was caused to suffer conscious pain and suffering and his eventual suicide.

13.  This count is for wrongful death pursuant to M.G.L. c. 229 § 2 brought by Vincent Gillespie, as beneficiaries and legatees of the Estate of his father Gregory Gillespie, seeking recovery for the fair monetary value of the decedent including but not limited to compensation for the loss of the decedent's reasonably expected net income, services, protection, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and punitive damages.

2

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie REQUESTS THE HONORABLE COURT TO GRANT judgment against the Defendant, Eli Lilly, for Compensatory and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT II

## CONSCIOUS PAIN AND SUFFERING

14. The Plaintiff, Vincent Gillespie, a beneficiary and legatee of the Estate of Gregory Gillespie, re-alleges all the allegations of paragraphs 1-13 of this complaint and incorporates them by reference into this count.

15. The Defendant owed a duty of care, protection, and safety to Gregory Gillespie and knowingly, willfully, deliberately and recklessly breached that duty.

16. This count is for Conscious Pain and Suffering  pursuant to M.G.L. c. 229 §6 brought by Vincent Gillespie, as a beneficiaries and legatee of the Estate of his father Gregory Gillespie, deceased, seeking recovery for the fair monetary value.

17. As a direct and proximate result of the acts of the Defendant Eli Lilly as described in Paragraphs 1-9 of this complaint, Gregory Gillespie was caused to suffer conscious pain and suffering and his eventual suicide.

18. The Defendant, Eli Lilly as the manufacturer of Prozac is strictly responsible to the plaintiff pursuant to M.G.L. c. 138 § 14.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie requests the honorable court to Grant Judgment against the Defendant, Eli Lilly, for Compensatory and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. The Plaintiffs reassert and re-alleges each and every allegation contained in Paragraphs 1 to 18 and incorporates them here in by reference.

20. The acts and practice and conduct of the Defendant Eli Lilly have caused Defendant Vincent to suffer emotional distress resulting in mental anguish, pain, fear, sleeplessness, anxiety, fear, depression and other difficulties and injuries.

3

21. The Defendant Eli Lilly intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of its conduct.

22. The acts and Practices and conduct of the Defendant Eli Lilly were extreme and outrageous, were beyond all possible bounds of decency and were utterly intolerable in a civilized society.

23. The Emotional Distress sustained by the Plaintiff as the result of the acts and Practices and conduct of the Defendant Eli Lilly was severe and of a nature that no reasonable man could be expected to endure it.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie requests the honorable court to Grant Judgment against the Defendant, Eli Lilly, for Intentional Infliction of Emotional Distress and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT IV

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24. The Plaintiff reassert and re-alleges each and every allegation contained in Paragraphs 1 to 25 and incorporates them herein by reference.

25. Defendant knew or should have known that the acts alleged in the third cause of action set forth above would cause Plaintiff severe emotional distress.

26. As a proximate result of Defendant's negligent acts, Plaintiff has been subjected to severe emotional distress in the form of sorrow, worry, great stress, anguish and depression.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie requests the honorable court to Grant Judgment against the Defendant, Eli Lilly, for Negligent Infliction of Emotional Distress and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT V

## LOSS OF CONSORTIUM

27. The Plaintiff reassert and re-alleges each and every allegation contained in Paragraphs 1 to 26 and incorporates them here in by reference.

28. By reasons of wrongful death and conscious suffering caused by the defendant the Plaintiff has lost love, affection, society, life, fellowship, comfort, moral support,

4

solace and all the assistance that accompanies the father-son relationship for the past three years and in the future as the injury is indelible and irreparable. The Plaintiff has been permanently deprived of his father's consortium.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie request the honorable court to Grant Judgment against the Defendant, Eli Lilly for Loss of Consortium and any other damages in such amount as the Court shall deem just and proper with interest and costs.

### DEMAND FOR JURY TRIAL

The Plaintiff, Vincent Gillespie, DEMANDS A JURY TRIAL on all the Counts.


April 25, 2003

Vincent Gillespie, Plaintiff
P. O. Box 741
Northampton, MA  01027
Phone: (413) 695-3637

5

**B**

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE SUPERIOR COURT
COMMONWEALTH
BLANKOWSKI JR

2003 APR 25  P 12: 50

HAMPSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
NO. _____

03  083

3238A000004/25/03CIVIL FEES  200.0

3238A000004/25/03SURCHARGE  10.00

```
*********************************
VINCENT GILLESPIE and          *
DOES 1-100,                    *
                               *
              PLAINTIFFS       *
                               *
      VS.                      *
                               *
ELI LILLY AND COMPANY          *
and DOES 1-100,                *
                               *
              DEFENDANTS       *
*********************************
```

**COMPLAINT**

## PARTIES

1. Plaintiff, **VINCENT GILLESPIE** ("Vincent") is a natural person and a beneficiary and a legatee of the Estate of Gregory Gillespie ("Gregory") with a residence at P. O. Box 741, Northampton, Hampshire County, Massachusetts.

1. Defendant **ELI LILLY AND COMPANY** ("Eli Lilly") is a foreign corporation duly licensed to do business in the Commonwealth of Massachusetts with corporate headquarters at 893 South Delaware Street, Indianapolis, Indiana.

## RELEVANT FACTS

2. Plaintiff, Vincent Gillespie is the biological son of Gregory Gillespie and a beneficiary and a legatee of the Estate of Gregory Gillespie.

3. Additional plaintiffs, listed above as DOES 1-100, will be identified when they become known. The general public or a sector of the general public may be determined to be a plaintiff.

4. Defendant Eli Lilly manufactures Prozac, a prescription drug used to alleviate depression.

5. Additional defendants, listed above as DOES 1-100, will be identified when they become known.

1

6. Gregory was a very well known and renowned artist who died on April 26, 2000 by committing suicide.

7. Greg and took Prozac by prescription for depression and unhappiness during two periods of time, once in 1997 and once in early 2000.

8. It is known that Prozac can have adverse side effects. The second time he took it he displayed three typical symptoms of the adverse side effects of Prozac:

    8.1.    *Insomnia*: He became extremely depressed and he was unable to sleep; he had a sleep machine (it created a choice of four soothing sounds to help one to go to sleep).

    8.2.    *Anger*: In a suicide note he said that the suicide was probably the angriest thing he had ever done.

    8.3.    *Depression*: he became exceedingly depressed in the weeks before he killed himself. This was evidenced in conversations he had with me and also in a photo of himself contained in one of his most recent art pieces.

9. As a direct and proximate result of the conduct of defendant Eli Lilly's breach of duty of care, protection and safety and negligent, reckless, unskillful, careless, grossly negligent, willful and /or wanton acts and omissions, the decedent was caused to sustain severe pain of body and mind and finally committed suicide and he also incurred conscious pain and suffering, loss of love services and comfort, consortium to next of kin and the emotional distress and mental anguish and mental pain and suffering suffered by next of his kin.

## COUNT I

## WRONGFUL DEATH

10. The Plaintiff, Vincent Gillespie, a beneficiary and legatee of the Estate of Gregory Gillespie, reasserts and re-alleges all the allegations of paragraphs 1-9 of this complaint and incorporates them by reference into this count.

11. The Defendant owed a duty of care, protection, and safety to Gregory Gillespie and knowingly, willfully, deliberately and recklessly breached that duty.

12. As a direct and proximate result of the breach of duty of care and acts of Defendant Eli Lilly as described in Paragraphs 1-9 of this complaint, Gregory Gillespie was caused to suffer conscious pain and suffering and his eventual suicide.

13. This count is for wrongful death pursuant to M.G.L. c. 229 § 2 brought by Vincent Gillespie, as beneficiaries and legatees of the Estate of his father Gregory Gillespie, seeking recovery for the fair monetary value of the decedent including but not limited to compensation for the loss of the decedent's reasonably expected net income, services, protection, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and punitive damages.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie REQUESTS THE HONORABLE COURT TO GRANT judgment against the Defendant, Eli Lilly, for Compensatory and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT II

## CONSCIOUS PAIN AND SUFFERING

14. The Plaintiff, Vincent Gillespie, a beneficiary and legatee of the Estate of Gregory Gillespie, re-alleges all the allegations of paragraphs 1-13 of this complaint and incorporates them by reference into this count.

15. The Defendant owed a duty of care, protection, and safety to Gregory Gillespie and knowingly, willfully, deliberately and recklessly breached that duty.

16. This count is for Conscious Pain and Suffering pursuant to M.G.L. c. 229 §6 brought by Vincent Gillespie, as a beneficiaries and legatee of the Estate of his father Gregory Gillespie, deceased, seeking recovery for the fair monetary value.

17. As a direct and proximate result of the acts of the Defendant Eli Lilly as described in Paragraphs 1-9 of this complaint, Gregory Gillespie was caused to suffer conscious pain and suffering and his eventual suicide.

18. The Defendant, Eli Lilly as the manufacturer of Prozac is strictly responsible to the plaintiff pursuant to M.G.L. c. 138 § 14.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie requests the honorable court to Grant Judgment against the Defendant, Eli Lilly, for Compensatory and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. The Plaintiffs reassert and re-alleges each and every allegation contained in Paragraphs 1 to 18 and incorporates them here in by reference.

20. The acts and practice and conduct of the Defendant Eli Lilly have caused Defendant Vincent to suffer emotional distress resulting in mental anguish, pain, fear, sleeplessness, anxiety, fear, depression and other difficulties and injuries.

3

21. The Defendant Eli Lilly intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of its conduct.

22. The acts and Practices and conduct of the Defendant Eli Lilly were extreme and outrageous, were beyond all possible bounds of decency and were utterly intolerable in a civilized society.

23. The Emotional Distress sustained by the Plaintiff as the result of the acts and Practices and conduct of the Defendant Eli Lilly was severe and of a nature that no reasonable man could be expected to endure it.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie requests the honorable court to Grant Judgment against the Defendant, Eli Lilly, for Intentional Infliction of Emotional Distress and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT IV

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24. The Plaintiff reassert and re-alleges each and every allegation contained in Paragraphs 1 to 25 and incorporates them herein by reference.

25. Defendant knew or should have known that the acts alleged in the third cause of action set forth above would cause Plaintiff severe emotional distress.

26. As a proximate result of Defendant's negligent acts, Plaintiff has been subjected to severe emotional distress in the form of sorrow, worry, great stress, anguish and depression.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie requests the honorable court to Grant Judgment against the Defendant, Eli Lilly, for Negligent Infliction of Emotional Distress and Punitive and any other damages in such amount as the Court shall deem just and proper with interest and costs.

## COUNT V

### LOSS OF CONSORTIUM

27. The Plaintiff reassert and re-alleges each and every allegation contained in Paragraphs 1 to 26 and incorporates them here in by reference.

28. By reasons of wrongful death and conscious suffering caused by the defendant the Plaintiff has lost love, affection, society, life, fellowship, comfort, moral support,

solace and all the assistance that accompanies the father-son relationship for the past three years and in the future as the injury is indelible and irreparable. The Plaintiff has been permanently deprived of his father's consortium.

WHEREFORE, The Plaintiff, Vincent Gillespie, as a beneficiary and legatee of the Estate of his father Gregory Gillespie request the honorable court to Grant Judgment against the Defendant, Eli Lilly for Loss of Consortium and any other damages in such amount as the Court shall deem just and proper with interest and costs.

### DEMAND FOR JURY TRIAL

The Plaintiff, Vincent Gillespie, DEMANDS A JURY TRIAL on all the Counts.


April 25, 2003

Vincent Gillespie, Plaintiff
P. O. Box 741
Northampton, MA  01027
Phone: (413) 695-3637

Vincent Gillespie
P. O. Box 741
Northampton, MA 01061



CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7002 2410 0001 9963 9054

RETURN RECEIPT
REQUESTED



10GB
A. Decoudrow

Legal Department
Eli Lilly and Company
Lilly Corporate Center
Indianapolis, Indiana, 46285

U.S. POSTAGE
PAID
EASTHAMPTON,MA
01027
JUL 14 '03
AMOUNT
$4.65
00025865-20

46285

Paid 7/11/03

C

## Commonwealth of Massachusetts
### The Trial Court

HAMPSHIRE __ Division       Probate and Family Court Department       Docket No. _00 P0296EP._

### Probate of Will With/Without Sureties    May 24  2 23 PM '00

Name of Decedent ___ Gregory Gillespie _____

Domicile at Death ____ 715 Federal Street _____ Belchertown ___ Hampshire 01007
                        (Street and No.)              (City or Town)        (County)     (Zip)

Date of Death ___ April 27, 2000 _____

Name and address of Petitioner(s) _ Peggy R. Gillespie, 715 Federal Street, Belchertown, MA 01007

_____ Status __ nominated executor _____

**Heirs at law or next of kin of deceased including surviving spouse:**

| Name | Residence | Relationship |
|---|---|---|
| | (minors and incompetents must be so designated) | |
| Peggy R. Gillespie | 715 Federal Street, Belchertown, MA  01007 | spouse |
| Juliana M. Gillespie | 715 Federal Street, Belchertown, MA  01007 | daughter |
| Vincent J. Gillespie | 10933 Whipple St., #11, N. Hollywood, CA  91602 | son |
| Lydia Gillespie Chiaminto | Austin Riggs Center, P.O. Box 962 | daughter |
| | 25 Main Street, Stockbridge, MA  01262 | |

That said deceased left a will — and codicil(s) — herewith presented, wherein your petitioner(s) is/are named execut __rix__
and wherein the testat __or__ had requested that your petitioner(s) be exempt from giving surety on his/her/their
bond(s).

[X] The petitioner(s) hereby certif __ies__ that a copy of this document, along with a copy of the decedent's death
certificate has been sent by certified mail to the **Department of Public Welfare, P.O. Box 86, Essex Station,
Boston, Massachusetts 02112.**
Wherefore your petitioner(s) pray(s) that said will — and codicil(s) — may be proved and allowed, and that
he/she/they be appointed execut __rix__ thereof, with/without surety on his/her/their bond(s) and certif __ies__ under the
penalties of perjury that the statements herein contained are true to the best of his/her/their knowledge and belief.

Date _May 22, 2000_           Signature(s) _Peggy R. Gillespie_
                                            Peggy R. Gillespie

The undersigned hereby assent to the foregoing petition and to the allowance of the will without testimony.

_____        _____
_____        _____
_____        _____

### DECREE

All persons interested having been notified in accordance with the law or having assented and no objections being
made thereto, it is decreed that said instrument(s) be approved and allowed as the last will and testament of said
deceased, and that said petitioner(s): _ Peggy R. Gillespie _____
of __ Belchertown in the County of Hampshire _____
xandxxx _____ xofx _____

execut __rix__ thereof, first giving bond with __out__ sureties for the due performance of said trust.

Date _7/13/00_ _____      _Stephen M. Rainaud_
                                  JUSTICE OF THE PROBATE AND FAMILY COURT

CJ-P2 (8/82)

Hampshire, ss, Probate Court, Northampton, Mass.,
A true photocopy,                           SEP 2 4 2003
Attest _David E. Sullivan_ Register

COMMONWEALTH OF MASSACHUSETTS
The Trial Court
The Probate and Family Court Department

Hampshire, ss.

Docket No. 00P0296EP

FILED
HAMPSHIRE DIVISION

Peggy R. Gillespie, Executor )
Of the will of )
Gregory Gillespie, )
Petitioner )

MOTION

In the matter of the petition of Peggy R. Gillespie of Belchertown in the county of Hampshire for the Probate of the Last Will and Testament of Gregory Gillespie, now comes Peggy R. Gillespie, by her attorney, William E. Hart, and moves that the petition be amended to show that Julianna M. Gillespie is a minor.

Respectfully submitted,
The Petitioner,
Peggy R. Gillespie,

Dated:  May 31, 2000        By:  _____
William E. Hart, Esquire
BBO# 224300
BROWN, HART, KAPLAN
& GOLOWICH, LLP
35 South Pleasant Street
Amherst, MA  01002
(413) 256-8125

The Within Motion is Hereby
Allowed/Denied
Date 9/6/00
_____
JUDGE OF PROBATE COURT

Hampshire, ss, Probate Court, Northampton, Mass.,
A true photocopy,
Attest_____ Register

SEP 2 4 2003