UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| VINCENT GILLESPIE<br>AND DOES 1-100,<br>          Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY<br>AND DOES 1-100,<br>          Defendants. | )<br>)<br>)   3:03-cv-30196-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT RULES 16.1 AND 26(F) REPORT

1.   **PLANNING MEETING**: Pursuant to L.R. 16.1 and FED. R. CIV. P. 26(f) and this Court's Notice of Scheduling Conference, a meeting was held by telephone on October 27, 2003 at 2:00 p.m.

    (1)   The following were in attendance:

    Plaintiff Vincent Gillespie and Michelle R. Mangrum, attorney for defendant Eli Lilly and Company ("Lilly").

    (2)   The parties have discussed the nature and basis of their claims and defenses and their plans for discovery in this case.

2.   **INITIAL DISCLOSURE:** The parties will exchange the information required by Rule 26(a)(1) by November 10, 2003.

3.   **DISCOVERY PLAN:** The parties jointly propose to the Court the following discovery plan:

- 2 -

      a.      Discovery is necessary on the following subjects: Decedent Gregory Gillespie's medical and psychiatric history, employment history, educational history, other psychological, social and economic circumstances leading up to and including his death.

      b.      All discovery shall be commenced in time to be completed by:

      1.      Fact witness discovery: September 24, 2004;

      2.      Expert witness discovery: December 17, 2004.

      c.      The following discovery methods will be used:

      (1)      **Interrogatories:** Lilly wishes to comply with the LR 26.1(c) limitation of 25 interrogatories per party. Plaintiff seeks a limit of 50 interrogatories per party. To the extent plaintiff is allowed to propound more than the LR 26.1(c) 25 interrogatory limit, Lilly seeks the same limitation extension. Responses to interrogatories will be served within 30 days after service of interrogatories.

      (2)      **Requests for Admission:** The parties will be limited to 25 requests for admission. Responses to requests for admission will be served within 30 days after service of requests for admissions.

      (3)      **Oral Depositions:** Parties will be limited to 15 depositions, not to exceed seven hours per witness, excluding experts. Expert depositions will be limited to two, seven-hour days per expert witness

      (4)      **Requests for Production of Documents:** Each party will propound no more than two (2) sets of requests for production of documents.

      d.      Plaintiff will submit reports from retained experts under Rule 26(a)(2) by August 20, 2004. Lilly will submit reports from retained experts under Rule 26(a)(2) by September 24, 2004.

- 3 -

      e.      Supplementation of Discovery under Rule 26(e) is due by October 22, 2004.

**4.**      **OTHER ITEMS:**

      a.      An initial scheduling conference will be held on November 18, 2003 at 9:30 a.m. before the Honorable Kenneth P. Neiman.

      b.      The parties request a final pre-trial conference in May 2005.

      c.      The cutoff dates for joining additional parties are December 5, 2003 for plaintiff and January 9, 2004 for Lilly.

      d.      The cutoff dates for amending pleadings are January 2, 2004 for plaintiff and February 6, 2004 for Lilly.

      e.      The cutoff date for filing motions pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) is January 28, 2005. The cutoff date for filing dispositive motions (including partially dispositive motions) is March 11, 2005.

      f.      The parties have discussed the potential for settlement. Settlement does not appear likely at this time.

      g.      Plaintiff's Rule 26(a)(3) pretrial report is due 60 days before trial and Lilly's Rule 26(a)(3) pretrial report is due 30 days before trial.

      h.      The parties shall serve and file objections to Rule 26(a)(3) pretrial statements within 14 days after the pretrial statement is served and filed.

      i.      This case should be ready for trial by May 2005.

      j.      The estimated length of the trial is fifteen trial days.

Respectfully submitted,

**ELI LILLY AND COMPANY**

s/Paula McManus
James J. Dillon (BBO # 124660)
Paula M. McManus (BBO # 648029)
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02111-2600
(617) 832-1000

Andrew See
Shook, Hardy & Bacon LLP
One Kansas City Place
1200 Main Street
Kansas City, MO 64104-2118
(816) 474-6550

Michelle R. Mangrum
Shook, Hardy & Bacon LLP
600 14th Street, NW
Washington, DC 20005-2004
(202) 783-8400

Dated: October 28, 2003

**L.R. 16.1(d)(3) CERTIFICATE**

Luanna L. McFarland (Eli Lilly and Company) and Lilly's outside counsel, Michelle R. Mangrum (Shook Hardy & Bacon, LLP), hereby certify that they have conferred: (a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of litigation; and (b) to consider the resolution of litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

 s/Luanna L. McFarland

 s/ Michelle R. Mangrum

- 5 -

## L.R. 16.1(d)(3) CERTIFICATE

      *Pro se* plaintiff Vincent Gillespie hereby certifies that he has considered: (a) the cost of conducting the full course – and various alternative courses – of litigation; and (b) the resolution of litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4

                                                                        s/ Vincent Gillespie

- 6 -

## CERTIFICATE OF SERVICE

       I hereby certify that on this 28th day of October, 2003, a true and correct copy of this Joint Rules 16.1 and 26(f) Report was mailed via first class U.S. Mail, postage prepaid thereon, to the following *pro se* plaintiff:

Vincent Gillespie
P.O. Box 741
Northampton, MA 01027

                                 **s/ Michelle R. Mangrum**
                                  **ATTORNEY FOR DEFENDANT**
                                  **ELI LILLY AND COMPANY**

17/506417.1