# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| VINCENT GILLESPIE, <br> AND DOES 1-100, <br><br> Plaintiffs, <br><br> vs. <br><br> ELI LILLY AND COMPANY <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 3:03-cv-30196-MAP <br> ) <br> ) <br> ) <br> ) <br> ) |

## PROTECTIVE ORDER OF CONFIDENTIALITY

This matter came before the Court upon Eli Lilly and Company's ("Lilly") unopposed Motion for Protective Order of Confidentiality, with the consent and stipulation of non-party Atlantic Video Productions from whom Lilly currently seeks production of document and things. All premises considered,

**IT IS HEREBY ORDERED THAT:**

1. Any video recordings, audio recordings, documents or other items produced by non-party Atlantic Video Productions to Lilly in the above-captioned matter shall be deemed confidential materials.

2. Except with the prior written consent of non-party Atlantic Video Productions, or as hereinafter provided under this Order, no confidential video recordings, audio recordings, documents or other materials produced by Atlantic Video Productions to Lilly may be disclosed to any person.

3. Notwithstanding paragraph 2, confidential materials may be disclosed to counsel of record for the parties in this action who are actively engaged in the conduct of this

109145v1

litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and the jury in this case). Such documents may also be disclosed:

    (a)    to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    (b)    to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; provided, however, that in all such cases the individual to whom disclosure is to be made has executed the Confidentiality Agreement attached hereto as Exhibit 1, and has agreed to be bound by the terms of this Order concerning receipt and disclosure of items designated under this Order.

    4.    Persons obtaining access to confidential materials under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including, but not limited to, business, governmental, commercial, or administrative or judicial proceedings.

    5.    A deponent may during the deposition be shown, and examined about, confidential materials if the deponent already knows the confidential information contained therein. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the Confidentiality Agreement prescribed in paragraph 3(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about confidential materials. While a deponent is being examined about any confidential materials or

the confidential information contained therein, persons to whom disclosure is not authorized under this Order shall be excluded from being present.

6. The provisions of this Order shall not terminate at the conclusion of this litigation. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of the United States District Court for the District of Massachusetts, for the purposes of enforcement of the confidentiality terms of this Order, in perpetuity.

7. The attorneys of record and parties to this action are responsible for employing reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of confidential materials, including abstracts and summaries thereof. No duplication of confidential materials (as defined in paragraph 1 of this Order) shall be made except by counsel to provide working copies and for filing in Court under seal.

8. Any violation of this Order shall constitute contempt of court, and be punishable as such, and shall subject the offending party to such additional and further remedies as may be available to the aggrieved party.

**DATED** this ___ day of _____, 2004.

                                                  Hon. Michael A. Ponsor
                                                United States District Judge
                                                District of Massachusetts

109145v1

The undersigned parties stipulate to the above order:

Dated: 2/13/04

ATLANTIC VIDEO PRODUCTIONS

By: _____
Kevin Weyl,
Creative Director
30 Boltwood Walk
Amherst, Massachusetts 01002

Dated: 2/23/04

ELI LILLY AND COMPANY

By: _____
Michelle R. Mangrum
Shook, Hardy & Bacon LLP
600 14th Street, NW
Washington, DC 20005-2004
(202) 783-8400

and

James J. Dillon, P.C. (BBO # 124660)
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02111-2600
(617) 832-1000

**Attorneys for Defendant
Eli Lilly and Company**

109145v1

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| **VINCENT GILLESPIE,**<br>**AND DOES 1-100,**<br><br>      Plaintiffs,<br><br>vs.<br><br>**ELI LILLY AND COMPANY**<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 3:03-cv-30196-MAP<br>)<br>)<br>)<br>)<br>)<br>) |

I, _____, do hereby acknowledge that I have received a copy of the "PROTECTIVE ORDER OF CONFIDENTIALITY" (the "Order") that was entered in the above-referenced case, with respect to the manner in which confidential discovery information disclosed or made available by any party in the course of the above-referenced proceeding is to be treated by me.

I state that: (1) I have read and understand the Order and I hereby represent, warrant and agree that I will abide by the Order; (2) I will not use or disclose the information or documents disclosed to me in connection with the above-referenced proceedings other than in connection with the prosecution or defense of the above-referenced proceedings; (3) upon the final resolution of the above-referenced proceedings, I will destroy or return all such information and documents to the person or persons from whom I have received them; and (4) I consent to

109142v1

personal jurisdiction in the United States District Court for the District of Massachusetts in the event a party seeks to enforce any claim that I have failed to abide by the terms of the Order.

_____

SUBSCRIBED and SWORN to before me this \_\_\_\_\_ day of _____, 2004.

_____
Notary Public

My Commission Expires:

_____

109142v1