# EXHIBIT B

# United States District Court

## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT GILLESPIE, <br><br>                      Plaintiff,<br>v.<br><br>ELI LILLY AND COMPANY,<br><br>                      Defendant. | SUBPOENA IN A CIVIL CASE<br><br>Case No. 3:03-cv-30196-MAP |

TO: **Atlantic Video Productions**
     **30 Boltwood Walk**
     **Amherst, MA 01002**
     **413-256-4500 Tel.**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See attached Exhibit A.**

| PLACE:<br>**FOLEY HOAG L.L.P.**<br>**155 Seaport Boulevard**<br>**World Trade Center West**<br>**Boston, MA  02111-2600** | DATE:<br><br>January 30, 2004 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*Michelle R. Mangrum* —Attorney for Defendant | DATE<br>January 12, 2004 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER<br>Michelle R. Mangrum<br>Shook, Hardy & Bacon L.L.P., 600 14th Street, N.W., Suite 800, Washington, D.C. 20005-2004; (202) 783-8400<br>Attorneys for Defendant, Eli Lilly and Company | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D below)

108871v1

## PROOF OF SERVICE

| SERVED | DATE January 12, 2004 | PLACE Mailed from Washington, DC |
|---|---|---|
| SERVED ON (PRINT NAME):<br>**Atlantic Video Productions**<br>**30 Boltwood Walk**<br>**Amherst, MA 01002** | | MANNER OF SERVICE:<br>United States Certified Mail<br>Postage Prepaid |
| SERVED BY (PRINT NAME):<br>Michelle R. Mangrum | | TITLE:<br>Attorney for Defendant<br>Eli Lilly and Company |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___January 12, 2004___
                          Date

_Michelle R. Mangrum_
SIGNATURE OF SERVER

ADDRESS OF SERVER
600 14th Street, NW
Washington, DC 20005-2004

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

- 2 -

108871v1

## **EXHIBIT A**

RE:    **Gregory Gillespie**                              Date of Birth:  11/29/36

                                                          Date of Death:  04/27/00

Copies of any and all records concerning **Gregory Gillespie** ("decedent") including, but not limited to, video tapes, video cassettes and any other recording or storage media containing decedent's voice or still or moving images of decedent, memoranda, journals, notes, correspondence or other writings concerning the decedent, transcripts, photographs and all other documents, items or objects related to the decedent.

108876v1