UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| VINCENT GILLESPIE, ) | |
| AND DOES 1-100, ) | |
|        Plaintiff ) | |
| ) | |
| vs. ) | CASE NO. 3:03-cv-30196-MAP |
| ) | |
| ELI LILLY AND COMPANY, ) | |
|        Defendant. ) | |

**OBJECTIONS TO REPORT AND RECOMMENDATION DATED 2/13/04
REGARDING DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

    On 2/13/04 U.S. Magistrate Judge Kenneth Neiman issued his *Report and Recommendation Regarding Defendant's Motion for Judgment on the Pleadings* ("the Report and Recommendation"). The Report and Recommendation was received by the plaintiff by mail no earlier than 2/16/04. This pleading describes the plaintiff's objection to the Report and Recommendation; specifically, he objects to the dismissal of counts I, II and V:

    The Report and Recommendation dismisses the plaintiff's claims regarding counts I, II, and V, asserting that the plaintiff has no standing to sue regarding each of these counts because he is not the executor of the estate, while he is required to be by the Mass. wrongful death statute, M.G.L. 229 § 2, in order to sue under that statute. Judge Neiman's position on this point is very hard to understand because the Report and Recommendation completely ignores the plaintiff's arguments – it doesn't even mention them. There is only a single paragraph addressing the topic of the dismissal of counts I, II and V (the Report and Recommendation, page 5, paragraph B) and this basically just restates the Defendant's position that the plaintiff is not the executor and that only the executor can bring a claim under the Mass. wrongful death statute. The Plaintiff's arguments that M.G.L. 230 § 5 allow him to pursue the claims under the Mass. wrongful death statute if the executor is unwilling to do so were ignored, as was the Plaintiff's reference to <u>22A Am.Jur.2d § 403</u>, which also holds that a beneficiary can sue for wrongful death if the executor fails to do so. Plaintiff's citation of <u>Cudney v. United Power & Light Corporation</u>, 51 P.2d 28 was also ignored. (Also, it may not be significant but the Report and Recommendation asserted on page 5, paragraph B that the executrix was the plaintiff's sister. This is incorrect. She is the widow and second wife of the decedent [not the plaintiff's mother].)

1

It may be that Judge Neiman assumed that the Plaintiff's arguments on this topic did not have merit because he is acting in Pro Per. In response to this possibility the Plaintiff points out that the text of M.G.L. 230 § 5 is straightforward and clear and it speaks for itself. It states that regarding the enforcement of a claim in favor of an estate, if an executor "...refuses to bring such action at the request of an heir, legatee or creditor, or is unable to do so by reason of his interest or otherwise ... an heir, legatee or creditor having an interest in the enforcement of any such claim may bring a civil action to enforce it ..." (The executrix's unwillingness to bring the action against Lilly is explained in Exhibit A of the *Plaintiff's Opposition to Motion for Judgment on the Pleadings and Motion to Dismiss Complaint*.) How can the court ignore the clear text of this statute? Why did the court not explain itself and give reasons why the Plaintiff's arguments were wrong, if it believed they were? Actually, it is difficult to even respond to the Report and Recommendation without such an explanation. The Plaintiff hereby requests such an explanation, in addition to stating his objection to the recommendation for the dismissal of counts I, II and V.

The court should also note that although the Plaintiff is acting in Pro Per, his arguments regarding M.G.L. 230 § 5 were adapted from the pleadings of his separate wrongful death claim filed against the executrix in the Hampshire County Superior Court (Case # CV 03082). This case if being argued by competent, respected attorneys on both sides. In that case there is a wrongful death claim against the executrix based on M.G.L. 229 § 2. The Plaintiff's attorney in that case, Tom Kenefick, argued that the wrongful death action could proceed even though the Plaintiff (the Plaintiff in that case is also the Plaintiff in the instant case) was not the executor because "...Vincent Gillespie stands in place of the executrix (see G.L. c. 230 §5) ..." (See Exhibit A, *Plaintiff's Opposition to Defendant's Motion to Dismiss* [Vincent Gillespie, et al vs. Peggy Roggenbuck Gillespie], footnote 1 on page 5.) Furthermore the court should note that a motion to dismiss filed by the executrix in that case was denied after a hearing (see Exhibit B). Subsequently, the executrix filed a motion for judgment on the pleadings and that was denied without a hearing (see Exhibit C). The principle that M.G.L. 230 § 5 enables a beneficiary who is not the executor to sue under the Mass. wrongful death statute when the executor in unwilling or unable to do so is exemplified by the Plaintiff's Hampshire County Superior Court Case against the executrix.

On account of the above reasons the Plaintiff respectfully objects to the Report and Recommendation's recommendation that counts I, II and V should be dismissed and requests that that recommendation be rejected.

Respectfully submitted,

February 25, 2004

*/s/ Vincent Gillespie*
**VINCENT GILLESPIE**
**Pro Se**
**P. O. Box 741**
**Northampton, MA  01061**
**Tel No.: (413) 695-3637**

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE, ss.                                        SUPERIOR COURT
                                                      CIVIL ACTION NO. 03-082

VINCENT GILLESPIE, on behalf of the           )
ESTATE OF GREGORY GILLESPIE,                  )
and VINCENT GILLESPIE, Individually,          )    PLAINTIFF'S OPPOSITION TO
                              Plaintiffs     )    DEFENDANT'S MOTION TO
                                              )    DISMISS
v.                                            )
                                              )    ORAL ARGUMENT REQUESTED
PEGGY ROGGENBUCK GILLESPIE,                   )
                              Defendant.     )

The Plaintiff Vincent Gillespie, on behalf of the Estate of Gregory Gillespie, and Vincent Gillespie, Individually ("Vincent Gillespie") hereby oppose the *Defendant's Motion to Dismiss*. First, Count I states a claim upon which relief can be granted, is not barred by the statute of limitations and is not the subject of another pending matter in the Superior Court; and second, this Court has jurisdiction over Count II, interference with the expectancy of receiving a gift, and Count II does state a claim upon which relief can be granted. In support thereof, Vincent Gillespie states the following:

## I.   STANDARD OF REVIEW

This Court should deny the Defendant's motion to dismiss both Counts I and II regarding which she asserts a failure by the Plaintiff to state a claim upon which relief can be granted. The standard of review is that:

> 'Under Mass.R.Civ.P. 12(b)(6), 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim.' ... 'Furthermore, the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff's favor, are to be taken as true.' ... '[A] complaint is sufficient against a motion to dismiss if it

appears that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate.'

Brum v. Town of Dartmouth, 44 Mass. App. Ct. 318, 321 (1998), quoting Nader v. Citron, 372 Mass. 96, 98 and 104 (1977), as quoted in New England Insulation Co. v. General Dynamics Corp., 26 Mass. App. Ct. 28, 29-30 (1988). This is an extremely lenient standard which the plaintiff can easily overcome. Brum, at 321.

The Court should deny the Defendant's motion to dismiss pursuant to Rule 12(b)(1), which she asserts against Count II. When determining a motion to dismiss under Rule 12(b)(1), a court, similarly, "assume[s] as true the allegations contained in the plaintiff's complaint". Cross v. Commissioner of Correction, 27 Mass. App. Ct. 1154 (1989).

Finally, this Court should deny the Defendant's motion to dismiss pursuant to Rule 12(b)(9), which she asserts against Count I because her claim does not meet the threshold requirements of identity of parties, issues and facts.

II. **THIS COURT SHOULD DENY THE DEFENDANT'S MOTION REGARDING COUNT I.**

A. Count I States A Claim Upon Which Relief May Be Granted.

Massachusetts provides a cause of action for wrongful death. See G.L. c. 229, §2. A wrongful death claim may be based upon negligence, or upon "willful, wanton or

2

reckless" conduct. See id; and see Coughlin v. Titus & Bean Graphics, Inc., 54 Mass. App. Ct. 633 (2002). Moreover, causing someone to commit suicide is a valid wrongful death claim. See Nelson v. Massachusetts Port Authority, 55 Mass. App. Ct. 433 (2002). Here, in Count I, Vincent Gillespie has alleged that the Defendant's negligent and/or willful conduct caused Gregory Gillespie to commit suicide. See Complaint, paras. 9, 10, 11, 13, 16, 18, and 19. This Count should not be dismissed.

In Nelson, although the Appeals Court affirmed the grant of summary judgment, its discussion reveals that a wrongful death claim based upon suicide is valid. Specifically, the Court stated the following:

> The cases cited by the plaintiff as permitting recovery under negligence principles for a decedent's suicide fit into two distinct fact patterns, neither of which is present here: either (1) the defendant's negligence was the cause of the decedent's uncontrollable suicidal impulse, [citations omitted] ; or (2) the decedent was in the defendant's custody and the defendant had knowledge of the decedent's suicidal ideation.

Nelson, at 435-436. Here, proceeding under a negligence theory, the Defendant, as Gregory Gillespie's wife, had a duty to refrain from engaging in extreme and outrageous conduct and then, combining this conduct with denying Gregory Gillespie physical and emotional intimacy, and then further, pushing him into a course of Prozac especially in light of her knowledge of his condition.

The reasonable inferences arising from the allegations of Vincent Gillespie's complaint include that the Defendant knew of Gregory Gillespie's depressed state of mind. Yet, she used her influence over him to keep him in the abusive situation she

3

had caused. Moreover, the Defendant was obligated to an even higher duty since she is and was, at the time, a specialist in psychological matters, having treated several patients, and also Gregory Gillespie. Her breach of her duties, through the foregoing conduct, was at least, negligence, and indeed, caused an "uncontrollable suicidal impulse" and is further evidenced by her custody of Gregory Gillespie and her knowledge of his extremely depressed and suicidal state.

If anything, willfully and/or recklessly causing one to commit suicide is also a valid wrongful death claim. The willfulness of the Defendant's conduct is further evidenced by her motive to avoid the negative financial affects of the prenuptial agreement in the event her marriage terminated by divorce, rather than by Gregory Gillespie's death. Here, Vincent Gillespie's allegations sufficiently state a claim under both negligence and intentional tort theories.

B.    Count I Is Not Barred By The Statute of Limitations.

Gregory Gillespie died on April 26, 2000. The Complaint in this action was timely filed on March 25, 2003. The wrongful death statute sets forth that:

> [a]n action to recover damages under this section shall be commenced within three years from the date of death, or within three years from the date when the deceased's executor or administrator knew, or in the exercise of reasonable diligence, should have known of the factual basis for a cause of action, or within such time thereafter is provided by section four, four B, nine or ten of chapter two hundred and sixty.

G.L. c. 229, §2. Consistent with the unambiguous wording of the statute, for a *wrongful death* claim, the date of *death* which is the gravamen of the Complaint, is the

4

appropriate date from which the cause of action, at the earliest[1], accrues. See Ellis v. Ford Motor Co., 628 F.Supp. 849 (D.Mass. 1986) (finding statute of limitations did not bar claim wherein decedent was injured in 1973 and died from this injury in 1983.) Here, since the Complaint was filed in March, 2003, it was within three years from the date of Gregory Gillespie's death in April, 2000. Therefore, it was timely filed and Count I should not be dismissed.

C.  The Pendency Of The Case Against Eli Lilly In The Superior Court Is Not A Valid Basis Upon Which To Dismiss Count I.

Presumably, the Defendant proceeds pursuant to Mass.R.Civ.P. Rule 12(b)(9) in her claim that the instant Count should be dismissed because there is another action pending in the Superior Court against another defendant. That section was meant to address where there was a "problem of successive proceedings based upon the same facts". See Reporter's Notes-- 1973 (Rule 12). Indeed, the Reporter's Notes refer to the decision in Stahler . Sevinor, 324 Mass. 18 (1949). There, "the principal difference between the bill in the first case and the bill in this case" was that one sought

---

[1] The wrongful death statute also contains a type of "discovery rule" in that it permits actions to be brought "three years from the date when the deceased's executor" knew or should have known of the facts supporting the cause of action. Also, the wrongful death claim is subject to a claim for fraudulent concealment, which also tolls the statute of limitations. See Fowles v. Lingos, 30 Mass. App. Ct. 435 (1991). Either one of these may apply in the instant situation since, in the first situation, Vincent Gillespie stands in the place of the executrix (see G.L. c. 230, §5) and did not know of the Defendant's conduct that resulted in Gregory Gillespie's death until after the will was approved; in the second case, since there is a reasonable inference that arises from the allegations of the Complaint, that, as executrix, the Defendant had a duty to the estate to reveal her conduct as it related to the death of Gregory Gillespie.

5

declaratory relief. Stahler, at 22. The parties in both were the same, as were the allegations of fact. See id. Moreover, the same issues were at bar. Stahler, at 24.

The reason for the prohibition on the pendency of both cases at the same time is that, "[a] court of law will not permit a defendant to be vexed by two actions of law, for the same cause, in the same jurisdiction, by the same plaintiff". Stahler, at 23. In the instant case, obviously, the situation is quite different than that in which Rule 12(b)(9) is invoked.

It is thus recognized that, "[o]n any given claim, plaintiff may only pursue defendant in one action." *Smith, Zobel* and *Murphy*, Massachusetts Practice Series, vol. 6 (2003). Also, it is in the case where "the parties and issues are identical" that the subsequent case may be dismissed. Id; and see Harvard Community Health Plan, Inc. v. Zack, 33 Mass. App. Ct. 649 (1992).

Regarding the instant circumstances, the first case, Hampshire Superior Court Number 03-083, is between the plaintiff Vincent Gillespie and Does 1-100 and the defendant Eli Lilly and Company and Does 1-100. The present case is between the Plaintiffs Vincent Gillespie, on behalf of the Estate of Gregory Gillespie, and Vincent Gillespie, Individually and the Defendant Peggy Roggenbuck Gillespie. Thus, the parties in each case are not identical. The paramount harm which Rule 12(b)(9) seeks to prevent, i.e., the obligation of the same defendant to defend against two identical

6

lawsuits, is simply not present in these circumstances.

Moreover, the factual allegations are different in each case. In the first case, (against Eli Lilly), the allegations appear to involve Eli Lilly's manufacture of Prozac and the results of its ingestion and use by Gregory Gillespie. The instant case involves an entirely different set of factual allegations including the Defendant's outrageous treatment of Gregory Gillespie when she knew of his seriously depressed state and the possible side effects his use of Prozac could produce both because she was his wife and because of her background in psychology.

In light of the foregoing, there is no basis upon which this Court should dismiss Count I.

### III. THIS COURT SHOULD DENY THE DEFENDANT'S MOTION TO DISMISS COUNT II.

A. This Court Most Assuredly Has Jurisdiction Over A Claim For Tortious Interference With the Expectancy of Receiving A Gift.

The tort of interference with the expectancy of receiving a gift is properly brought in the Superior Court. See Labonte v. Giordano, 426 Mass. 319, 319, 323 (1997). In Labonte, the plaintiff, who was the daughter of the donor, commenced a civil action in the Superior Court against her brother for tortious interference with an expectancy. Labonte, at 319. She claimed that, although she had cared for her mother for several decades, after her brother learned that the plaintiff would significantly inherit under their mother's will, he began to frequently visit and attend to the mother. Id, at 320. This

was in spite of the fact that he had rarely visited the mother for twenty years prior to that time. Id. The brother began to exclude others, including the plaintiff, from visiting the mother, who was in a declining state of health, and he threatened to cease visiting her if she did not change her will to his benefit. Id. He eventually succeeded in obtaining the power of attorney from his mother and transferred her significant asset to himself. Id.

The crux in the Labonte case was that the mother had not yet died when the plaintiff commenced her case. Id. The Supreme Judicial Court, although recognizing the existence of the tort of interference with an expectancy, determined that such a tort did not exist under the present circumstances where the donor was not yet dead. Id, 322-323. Indeed, one of the elements of the tort is that "[t]he plaintiff must show that the defendant's interference acted continuously on the donor until the time the expectancy would have been realized." Id, at 321. The Supreme Judicial Court remanded the case so that the plaintiff could amend her complaint to properly frame the cause of action since the mother had died during the appeal. Id, 323.

Indeed, such a claim, being a *tort* claim is properly before the Superior Court. (see Labonte; and see Ross v. Wright, 286 Mass. 269 (1934). Such a cause of action recognizes that "the injury from the wrongful conduct of a third party is not solely to the donor" but also extends to the plaintiff. Labonte, at 322. See also Ross v. Wright, at

274.[2]

In the instant case, it is clear that Vincent Gillespie was a natural heir to his father's estate. There are no grounds upon which to support a claim that there was any animosity or other reason for Gregory Gillespie to exclude Vincent Gillespie from his estate or to effectively disinherit him by leaving him such a minimal gift, especially in view of the fact that a clearly substantial (and almost total) disposition from his estate was made to the Defendant. It is therefore likely that, but for the Defendant's interference by unlawful means, Vincent Gillespie, as one of three children and a surviving wife, would have had a greater share in his father's estate.

B.  The Complaint Alleges That The Defendant's Interference Was By Unlawful Means.

The elements of a claim for tortious interference with the expectancy of receiving a gift are that the "defendant must intentionally interfere with the plaintiff's expectancy in an unlawful way", that "the plaintiff must have a legally protected interest", and that "the plaintiff must show that the defendant's interference acted continuously on the donor until the time the expectancy would have been realized." Labonte v. Giordano, 426 Mass. 319, 320-321 (1997). The Defendant does not dispute that Vincent Gillespie had a legally protected interest.

---

[2]Indeed, the Labonte decision recognized the existence of the ability to challenge a will; yet it permitted the plaintiff to amend her complaint to state a cause of action in the Superior Court for the tort after the donor had died.

9

The Defendant argues that Count II, tortious interference with the expectancy of receiving a gift, should be dismissed first, because she claims that the Complaint fails to allege that the interference was by unlawful means.

At paragraph 10, the Complaint alleges that the Defendant's "constant urging and manipulation" of the decedent caused him to leave a great majority of his assets to her in his will. Examples of her abusive course of conduct towards Gregory Gillespie during their marriage are set forth in paragraph 11. In paragraph 22, it is specifically alleged that the Defendant's conduct, as described in the Complaint, constituted "undue influence, negligence, assault and battery, breach of fiduciary duty and the intentional and/or negligent infliction of emotional distress". See Labonte, at 321, n.4 citing Hegarty v. Hegarty, 52 F.Supp. 296, 300 (D.Mass.1943) ("Unlawful means include duress, fraud, or undue influence.") Moreover, in paragraph 24, the Complaint alleges that the Defendant's interference "was continuous until the date of Gregory's death." Thus, the Complaint amply states a claim for interference by unlawful means.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff Vincent Gillespie, on behalf of the Estate of Gregory Gillespie and Vincent Gillespie individually respectfully request that this Court DENY the Defendant's motion to dismiss. In the alternative, if the Court is inclined to grant the motion, the Plaintiffs request that in lieu of dismissal, they be permitted to further amend their Complaint.

Finally, if the Court remains inclined to grant the motion to dismiss, the Plaintiff requests that he be permitted to conduct discovery before final action on this motion.[3]

                                      THE PLAINTIFFS
                                      VINCENT GILLESPIE, on behalf of the
                                      ESTATE OF GREGORY GILLESPIE,
                                      and VINCENT GILLESPIE, Individually,

BY: _____
       THOMAS A. KENEFICK, III, ESQ.
       BBO #267620
       73 Chestnut Street
       Springfield, MA 01103
       (413) 734-7000 - telephone
       (413) 731-1302 - facsimile

Date: July 10, 2003.

### Certificate of Service

I, Thomas A. Kenefick, III, do hereby certify that on July 10, 2003, the foregoing was served on the Defendant by U.S. First Class Mail, postage pre-paid, to:

Susan Sachs, Esq.
13 King Street
Northampton, MA 01060

_____
THOMAS A. KENEFICK, III

---

[3]"Especially in a wrongful death case [under the Act] where many relevant facts may not be known to the plaintiff (as administrator of an estate), not allowing the opportunity for discovery seems especially inequitable.'" Brum, at 322, n.6, quoting Coughlin v. Department of Correction, 43 Mass. App. Ct. 809 (1997).

11

# EXHIBIT B

*[handwritten margin notes: "to motion for Summary Judgment" / "03 082" / "10/6/03 - Denied as a Motion to Dismiss w/o Prejudice to renew any or all the issues in an apparent to motion for Summary Judgment"]*

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE, ss.                                     SUPERIOR COURT DIVISION
                                                   C.A. No. 03-082

| | |
|---|---|
| Vincent Gillespie | ) |
|     Plaintiff | ) |
| | ) |
| vs. | )   DEFENDANT'S MOTION TO DISMISS |
| | )   AND REQUEST FOR HEARING |
| Peggy Gillespie | ) |
|     Defendant | ) |

*[stamp: HAMPSHIRE SUPERIOR CRT / HARRY JEKANOWSKI JR / CLERK / 2003 JUL 11 P 3:13]*

Now comes the defendant, Peggy Gillespie, and respectfully requests that this court dismiss the complaint in this action, with prejudice. As to Count I (wrongful death) it fails to state a claim upon which relief can be granted, it is barred by the statute of limitations and it is the subject of another pending action in the Superior Court. As to Count II (interference with the expectancy of receiving a gift) this court lacks jurisdiction over its subject matter and it also fails to state a claims upon which relief can be granted. See, Rules 12(b)(1), 12(b)(6) and 12(b)(9).

INTRODUCTION

For purposes of evaluating a Rule 12(b)(6) motion, this court must take as true "the allegations of the complaint, as well as such inferences that may be drawn therefrom. . . ." Nader v. Citron, 372 Mass. 96, 98 (1977). Notwithstanding that mandate, which Mrs. Gillespie accepts for this limited purpose, she would like the court to know that the plaintiff's allegations are wholly frivolous, untrue, impertinent, and they have profoundly offended and embarrassed her.

The plaintiff's allegations arise out of his distress over the death of his father, Gregory Gillespie, and the provisions of his father's will. Complaint, ¶¶ 6-10. Each purported fact relates

-1-

# EXHIBIT C

03 082

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE, ss.                                  SUPERIOR COURT DIVISION
                                                C.A. No. 03-082

Vincent Gillespie            )
        Plaintiff            )
                             )
                             )
vs.                          )   DEFENDANT'S MOTION FOR
                             )   JUDGMENT ON THE PLEADINGS
Peggy Gillespie              )   RULE 12(c)
        Defendant            )

The Complaint and Answer having been filed and served, the defendant, Peggy Gillespie, now comes before this court and respectfully requests that this court enter a judgment of dismissal as to all counts pursuant to Rule 12(c). As to count I (wrongful death) it fails to state a claim upon which relief can be granted and it is barred by the statute of limitations. Count II (interference with the expectancy of a gift) fails to state a claim upon which relief can be granted and this court lacks jurisdiction over its subject matter.

INTRODUCTION

The plaintiff's allegations arise out of his distress over the death of his father, Gregory Gillespie, and the provisions of his father's will. Complaint, ¶¶ 6-10. Each purported fact relates solely to the personal conduct and marital relationship between his father and Mrs. Gillespie or to the effects of the prescription medication, Prozac, that his father was taking. The plaintiff alleges the following in his complaint: his father and Mrs. Gillespie began a relationship in **1978; prior to 1978** Mrs. Gillespie treated the plaintiff's father in her capacity as a social worker; the plaintiff's father and Mrs. Gillespie married in **1985** and had a prenuptial agreement; Gregory

-1-

[Handwritten margin notes: "12/16/03 Denied without hearing. Issues raised by the defendant are not appropriate for resolution by judgment on the pleadings, pursuant to Mass. R. Civ. P. 12(c). (M.L.C. R.J.P)"]

[Stamp: HAMPSHIRE SUPERIOR CRT HARRY JEKANOWSKI JR CLERK, 2003 DEC 15 P 12:23]

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2004 a true and correct copy of plaintiff Vincent Gillespie's OBJECTIONS TO REPORT AND RECOMMENDATION DATED 2/13/04 REGARDING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS was mailed via first class mail, postage prepaid thereon, to Michelle Mangrum, attorney for the defendant at the following address:

Michelle Mangrum,
Shook, Hardy & Bacon, L.L.P.
Hamilton Square
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

_/s/ Vincent Gillespie_
**VINCENT GILLESPIE**
Plaintiff, appearing in pro per