UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| **VINCENT GILLESPIE**<br>**AND DOES 1-100,**<br>     Plaintiffs,<br><br>v.<br><br>**ELI LILLY AND COMPANY**<br>**AND DOES 1-100,**<br>     Defendants. | )<br>)<br>)   3:03-cv-30196-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT ELI LILLY AND COMPANY'S RESPONSE TO
PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION
REGARDING MOTION FOR JUDGMENT ON THE PLEADINGS**

The allegations in Counts I, II and V of plaintiff's Complaint fail to state cognizable claims. Under Massachusetts law, wrongful death and survival actions must be brought by the executor or administrator of a decedent's estate. Because plaintiff is not, and in his Complaint does not claim to be, the executor or administrator of decedent's estate, Magistrate Neiman properly concluded that plaintiff lacks standing to assert Counts I, II and V.[1] Because plaintiff has no legal standing to bring wrongful death and survival claims in connection with decedent's death, Counts I, II and V of plaintiff's Complaint each fail to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(c).

---

[1] Plaintiff did not object to Magistrate Neiman's recommendation that Count III of plaintiff's Complaint be dismissed and has therefore waived his right to object to that portion of Magistrate Judge Neiman's Report and Recommendation. Defendant Eli Lilly and Company ("Lilly") respectfully requests the Court to adopt Magistrate Judge Neiman's recommendation that Count III of Plaintiff's Complaint be dismissed.

1395692v1

Plaintiff does not dispute that he failed to plead that he is the executor or administrator of decedent's estate. Indeed, he admits he is neither. Rather, plaintiff belatedly relies upon MASS. GEN. LAWS ANN. ch. 230 § 5 in an attempt to remedy the glaring defect in his Complaint.

Plaintiff's failure to state a claim upon which relief can be granted in Counts I, II and V is not cured by the statutory exception contained in MASS. GEN. LAWS ANN. ch. 230 § 5 that allows an heir, legatee or creditor who has an interest in a claim to be brought on behalf of an estate to bring such a claim for the benefit of the estate if the administrator or executor refuses to do so. Plaintiff's Complaint contains no allegation that the executor or administrator of decedent's estate refused to bring suit. Accordingly, regardless of the statutory exception set forth in MASS. GEN. LAWS ANN. ch. 230 § 5, Counts I, II and V of plaintiff's Complaint fail to state a claim upon which relief can be granted and should be dismissed under Fed. R. Civ. P. 12(c).

Counts I, II and V also fail as a matter of law because plaintiff failed to join the executor or administrator as a defendant in this case. Under MASS. GEN. LAWS ANN. ch. 230 § 5, an heir, legatee or creditor "may bring a civil action to enforce [a claim] for the benefit of the estate in like circumstances and in like manner as a person beneficially interested in a trust fund may bring an action to enforce a claim in favor of such fund . . . ." The Supreme Judicial Court of Massachusetts has held that a plaintiff proceeding pursuant to this statute must join the executor or administrator of the estate as a party defendant. *Maltzman v. Hertz*, 147 N.E.2d 767, 768-69 (Mass. 1958), *overruled on other grounds* in *Burt v. Meyer*, 508 N.E.2d 598 (Mass. 1987). The *Maltzman* decision was based on Massachusetts law that requires a trustee be named as a defendant in a lawsuit brought by a beneficiary of a trust who sues a third party in

relation to a tort against trust property for which the trustee improperly refuses to sue. *Id.* at 769 (citing *Jones v. Jones*, 7 N.E.2d 1015 (Mass. 1937)); *Cherry v. Howell*, 66 F.2d 713, 716 (2d Cir. 1933)). Where the executor or administrator is not named as a party defendant, the plaintiff's claim should be dismissed. *See Maltzman*, 147 N.E. 2d at 768. Plaintiff did not name the executor or administrator of decedent's estate as a party defendant and, accordingly, may not proceed under the statutory exception set forth in MASS. GEN. LAWS ANN. ch. 230 § 5.[2]

### CONCLUSION

Plaintiff has no standing to bring his wrongful death and survival causes of action because he is not, and does not claim in his Complaint to be, the administrator or executor of decedent's estate. Moreover, plaintiff fails to plead the facts and join the parties necessary to permit invocation of MASS. GEN. LAWS ANN. ch. 230 § 5 in this case. Accordingly, defendant Eli Lilly and Company respectfully requests that the Court accept Magistrate Judge Neiman's recommendation that Counts I, II and V be dismissed, and grant such other relief as the Court may deem just and proper.

Respectfully submitted,

ELI LILLY AND COMPANY

*Michelle R. Mangrum*
Michelle R. Mangrum
Shook, Hardy & Bacon LLP
600 14th Street, NW
Washington, DC 20005-2004
(202) 783-8400

---

[2] Plaintiff's failure to name the executor or administrator of decedent's estate is not remedied by the inclusion of "Does 1-100" as defendants in his Complaint because all of the Doe defendants have been dismissed. (*See* August 1, 2003 Order in Superior Court for the County of Hampshire, Massachusetts.) Although dismissal of the Doe defendants was without prejudice, plaintiff's wrongful death and survival claims against the Doe defendants are now time-barred by the three-year statute of limitations applicable to wrongful death and survival actions. *See* MASS. GEN. LAWS ANN. ch. 229 § 2, ch. 260 § 10.

- 4 -

                                                  Andrew See  
                                                  Shook, Hardy & Bacon LLP  
                                                  One Kansas City Place  
                                                  1200 Main Street  
                                                  Kansas City, MO 64104-2118  
                                                  (816) 474-6550

                                                  James J. Dillon, P.C. (BBO # 124660)  
                                                  Foley Hoag LLP  
                                                  155 Seaport Boulevard  
                                                  World Trade Center West  
                                                  Boston, MA 02111-2600  
                                                  (617) 832-1000

Dated: March 10, 2004                          **ATTORNEYS FOR DEFENDANT**  
                                                  **ELI LILLY AND COMPANY**

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2004, a true and correct copy of Defendant Eli Lilly and Company's Response to Plaintiff's Objections to Report and Recommendation Regarding Motion for Judgment on the Pleadings was mailed via first class U.S. Mail, postage prepaid thereon, to the following *pro se* plaintiff:

Vincent Gillespie
P.O. Box 741
Northampton, MA 01061


                                           _____
                                           **ATTORNEY FOR DEFENDANT**
                                           **ELI LILLY AND COMPANY**

1395692v1