UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| VINCENT GILLESPIE, <br> AND DOES 1-100, <br> Plaintiff <br><br> vs. <br><br> ELI LILLY AND COMPANY, <br> Defendant. | CASE NO. 3:03-cv-30196-MAP |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY TO
ELI LILLY'S RESPONSE TO PLAINTIFF'S OBJECTIONS
TO REPORT AND RECOMMENDATION REGARDING
MOTION FOR JUDGMENT ON THE PLEADINGS**

    There are a couple of brief points which the plaintiff believes will help the court decide how to rule regarding the plaintiff's objections to the Court's Report And Recommendation Regarding Motion For Judgment On The Pleadings. The plaintiff hereby requests leave to file a reply containing these points.

Respectfully submitted,

March 26, 2004

VINCENT GILLESPIE
Pro Se
P. O. Box 741
Northampton, MA 01061
Tel No.: (413) 695-3637

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

VINCENT GILLESPIE, )
AND DOES 1-100, )
         Plaintiff )
)
vs. )   CASE NO. 3:03-cv-30196-MAP
)
ELI LILLY AND COMPANY, )
         Defendant. )

## PLAINTIFF'S REPLY TO ELI LILLY'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING MOTION FOR JUDGMENT ON THE PLEADINGS

    The Defendant asserts that the "Plaintiff's Complaint contains no allegation that the executor or administrator of decedent's estate refused to bring suit." (Page 2 of Defendant's Response To Plaintiff's Objections To Report And Recommendation Regarding Motion For Judgment On The Pleadings ["Defendant's Response"].) The Plaintiff's Opposition To Motion For Judgment On The Pleadings And Motion To Dismiss Complaint ("Plaintiff's Opposition To Motion To Dismiss") included a description of an event in which Tom Lesser, a Northampton, MA attorney contacted the Executrix on behalf of Vincent Gillespie, the Plaintiff in the instant case, and determined that she was unwilling to sue Eli Lilly. Apparently, the Defendant believes this wasn't enough.

    The Court should know that prior to the Plaintiff filing the instant action the Executrix had carefully looked into and considered the issue of suing Eli Lilly and after such careful consideration she had decided not to do it. The incident described in the Plaintiff's Opposition To Motion To Dismiss wherein attorney Tom Lesser contacted the Executrix on behalf of the Plaintiff was really just a matter of the Plaintiff *making sure* of something he already knew, that the Executrix was unwilling to sue Eli Lilly. (See Affidavit of Vincent Gillespie, attached.)

                                    Respectfully submitted,

                                      */s/ Vincent Gillespie*

March 26, 2004                           VINCENT GILLESPIE
                                      Pro Se
                                      P. O. Box 741
                                      Northampton, MA 01061
                                      Tel No.: (413) 695-3637

AFFIDAVIT OF VINCENT GILLESPIE ABOUT
PEGGY ROGGENBUCK GILLESPIE'S UNWILLINGNESS TO SUE ELI LILLY

I, Vincent Gillespie, hereby depose and say:

1) Within a few days of my father's death I visited with Peggy Roggenbuck Gillespie and she discussed with me an article in the Boston Globe dated May 7th, 2000 which discussed the issue of Prozac causing suicides. Peggy pointed out that several of the symptoms which users of Prozac could experience and which were discussed in the article were the same as what Greg had experienced.
2) On several occasions within the next year or so I heard from several people, including my sister Lydia Chiaminto who was in communication with Peggy, that Peggy wanted to sue Eli Lilly. The implication from what I heard was that Peggy was looking into it and attempting to get a lawsuit started.
3) As I stated in my earlier affidavit attached to Plaintiff's Opposition To Motion For Judgment On The Pleadings And Motion To Dismiss Complaint, roughly a few months prior to my filing the suit against Eli Lilly regarding the death of my father, I had Tom Lesser, a Northampton attorney who knows both me and Peggy, contact Peggy to see what she had decided and done regarding suing Eli Lilly. Although I had already heard that she had looked into suing Eli Lilly and she had apparently decided against it, I wanted to make sure before filing my suit. This is why I had Tom Lesser call her. As indicated in my prior affidavit, Tom Lesser indicated that Peggy had considered suing Eli Lilly but had then decided against it.
4) On 9/15/03 I spoke with Andy Vickery. He is a very prominent attorney who has filed lawsuits against Eli Lilly for problems with Prozac. He told me that Peggy had contacted him previously about suing Eli Lilly on account of Greg's death and his taking of Prozac. Mr. Vickery told me that he had been interested in pursuing the case but after carefully reviewing it he finally decided against proceeding. This again reconfirms that Peggy had indeed looked into the matter and decided against suing Eli Lilly.

Signed under the pains and penalties of perjury this 26th day of March, 2004 at Easthampton, MA.

*Vincent Gillespie*
VINCENT GILLESPIE

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2004, a true and correct copy of plaintiff Vincent Gillespie's **MOTION FOR LEAVE TO FILE REPLY TO ELI LILLY'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING MOTION FOR JUDGMENT ON THE PLEADINGS** was mailed via first class mail, postage prepaid thereon, to Michelle Mangrum, attorney for the defendant at the following address:

Michelle Mangrum,
Shook, Hardy & Bacon, L.L.P.
Hamilton Square
600 14th Street, N.W., Suite 800
Washington, D.C.  20005-2004

_____
VINCENT GILLESPIE
Plaintiff, appearing in pro per

4